433 So.2d 1225 (1983)
NORTHLAND INSURANCE COMPANY, Appellant,
v.
John MAUTINO, Delores E. Lynn, and Linda Patchett, Appellees.
No. 81-751.
District Court of Appeal of Florida, Third District.
June 14, 1983.
Rehearing Denied July 27, 1983.
*1226 Underwood, Gillis, Karcher, Reinert & Valle, P.A., and David P. Karcher, Miami, for appellant.
Beckham & McAliley, P.A., Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., and Joel S. Perwin, Miami, E. Nelson Read, Randy Ludacer, Key West, for appellees.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
JORGENSON, Judge.
This is an appeal by Northland Insurance Company from a final judgment rendered against it in favor of its insured Streetzel, the co-defendant and cross-claimant below, and Mautino, Lynn and Patchett, the plaintiffs below. Northland claims that the trial court erred in directing a verdict on the coverage issue and further claims that the trial court improperly submitted the case to the jury on a negligence theory where no negligence was proved. For the reasons which follow we affirm.
Streetzel was living on a houseboat owned by him which was docked at Campbells Marina located on Key Largo in the Florida Keys at Tavernier. Mautino and Lynn owned houseboats docked on either side of Streetzel's vessel. Patchett was a tenant aboard the Lynn houseboat. For several weeks prior to the events giving rise to the present lawsuit Streetzel's neighbors observed in him a variety of unconventional behavior. He was incoherent, expressed a fear of "skunk apes" and worried that certain persons were "after him." He also dreaded that his houseboat might be destroyed by fire. One afternoon this dreaded conflagration indeed came to pass when a neighbor observed a flaming conch shell sail from one of the houseboat's cabin windows and onto the deck. On impact the conch shell splattered burning liquid which ignited the houseboat's curtains. Within minutes other flaming conch shells had appeared on the deck of the vessel and Streetzel could be seen on the boat's stern carrying a trash can whose contents were also burning. Streetzel escaped the burning vessel by diving through a glass door onto the deck and from there into the water, from which he was rescued. The flames from Streetzel's houseboat spread to the vessels on either side and all three boats subsequently burned to the waterline. Mautino, Lynn and Patchett filed an action against Streetzel and joined Northland. Streetzel answered and cross-claimed against Northland. Northland denied coverage under the policy on the basis of the policy's alleged exclusion of coverage for damage caused by the insured's intentional conduct. Streetzel's answer asserted the affirmative defense that he was insane at the time of the fire and incapable of committing an intentional tort and that, therefore, the exclusion was not applicable. At the close of all the evidence the trial court directed verdicts for the plaintiffs and Streetzel on the coverage issue and submitted the case to the jury on the question of damages.
Northland claims that the trial court erred when it directed verdicts in favor of the plaintiffs and Streetzel because the complete insurance policy was not introduced into evidence. Streetzel introduced during the plaintiffs' case in chief those portions of the insurance policy which were available and made a prima facie showing of coverage. Northland's argument is unavailing where, as here, its own adjuster testified that the missing portions of the policy contained the exclusion for intentional conduct clauses and that the policy otherwise provided coverage. See Mason v. Life & Casualty Insurance Co. of Tennessee, 41 So.2d 153 (Fla. 1949); United States Fidelity & Guaranty Co. v. Snite, 106 Fla. 702, 143 So. 615 (1932); Valdes v. Prudence Mutual *1227 Casualty Co., 226 So.2d 119 (Fla. 3d DCA 1969).
Northland's alternative argument, that the trial court erred in directing a verdict on the issue of coverage because Streetzel acted intentionally, is equally unavailing. An insane person cannot be deemed to have acted intentionally for purposes of an intentional tort exclusion clause in an indemnification policy. Arkwright-Boston Manufacturers Mutual Insurance Co. v. Dunkel, 363 So.2d 190 (Fla. 3d DCA 1978); George v. Stone, 260 So.2d 259 (Fla. 4th DCA 1972). Northland's suggestion that Streetzel's insanity was triggered by his voluntary ingestion of drugs or alcohol is belied by the record. The psychiatric testimony was clear and unequivocal that Streetzel was insane at the time of the events and his conduct was not precipitated by drug intoxication. His acts therefore fall within the rule established by Arkwright and George.
We have considered the other issues raised by the appellant and find them to be without merit.
Affirmed.