529 So.2d 1194 (1988)
STATE AUTO MUTUAL INSURANCE COMPANY, etc., Appellant,
v.
Larry SCROGGINS, et al., Appellees.
No. 87-308.
District Court of Appeal of Florida, Fifth District.
July 21, 1988.
Rehearing Denied August 23, 1988.
*1195 W. Lane Neilson of Neilson & Associates, Orlando, for appellant.
Gary E. Doane of Hightower & Doane, Orlando, for appellees.
PER CURIAM.
State Auto Mutual Insurance Company appeals from an adverse summary judgment finding that a tort claim by the appellees, Ernest Durden and Evelyn Durden, his wife, is covered under a homeowners insurance policy issued by the company to the appellee, Larry Scroggins. We reverse.
On August 13, 1983, Durden and Scroggins met for a drink with friends at Charlie's Pool Hall in Orlando, Florida. Durden left the table where they were sitting and upon his return Scroggins pulled the chair out from under him as he sat down. Durden fell and suffered personal injuries.
The Durdens filed an action against Scroggins seeking damages for these injuries on October 17, 1985. State Auto received notice of the incident on January 27, 1986. Thereafter, State Auto filed an action for declaratory relief against Scroggins and the Durdens seeking a determination of the parties' rights under the homeowners policy it had issued to Scroggins prior to the incident. State Auto contended that Scroggins violated the terms and conditions of the policy by failing to notify the company of the incident until nearly three years after it occurred and that coverage should be excluded because Scroggins's actions were "expected or intended."
Both the Durdens and State Auto filed motions for summary judgment. The Durdens' motion contended that Scroggins's conduct was not of the type which is excluded under the homeowners policy. State Auto's motion contended that Scroggins, although immediately aware of the serious injuries, failed to give timely notice of the incident and therefore failed to comply with a condition precedent to coverage under the policy. The trial court granted the Durdens' motion for summary judgment and entered a final judgment finding coverage. State Auto's motion was denied. The issues on appeal are the intent of the insured as contemplated by the policy exclusion and the apparent violation of the notice provisions of the policy.
In regard to the second issue, we agree with State Auto that the trial court could not determine, as a matter of law, that the policy requirement of "notice ... as soon as practicable" was satisfied by notice given nearly two and one-half years after the incident at issue. More importantly, and ultimately dispositive of the action filed below, we find that the exclusion section in the homeowners policy issued to Scroggins  "bodily injury ... intended by the insured"  is applicable to the intentional act of pulling a chair out from under a victim in order to see him fall. The fact that an unintended serious injury resulted from the intended fall is irrelevant to the issue of coverage. See Clemmons v. American States Insurance Company, 412 So.2d 906 (Fla. 5th DCA), review denied, 419 So.2d 1196 (Fla. 1982).
*1196 REVERSED AND REMANDED FOR ENTRY OF SUMMARY JUDGMENT FOR STATE AUTO.
ORFINGER and COBB, JJ., and LEE, R.E., JR., Associate Judge, concur.