546 So.2d 1051 (1989)
Tiffany Leigh LANDIS, etc., et al., Petitioners,
v.
ALLSTATE INSURANCE COMPANY, etc., et al., Respondents.
Tiffany Leigh LANDIS, et al., Ashley Perez, et al., and Jonathan Cousino, et al., Petitioners,
v.
ALLSTATE INSURANCE COMPANY, etc., et al., Respondents.
Nos. 71691, 71910.
Supreme Court of Florida.
July 13, 1989.
*1052 Patrice A. Talisman of Daniels & Hicks, P.A., and Adams, Hunter, Angones, Adams, Adams & McClure, Edward A. Perse of Horton, Perse & Ginsburg and Ratiner & Glinn, P.A., and Edward S. Schwartz of the Law Offices of Philip M. Gerson, P.A., Miami, for petitioners.
Sharon Lee Stedman and Lori J. Caldwell of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, and Wayne Richardson of Whitelock & Richardson, Miami, for respondents.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, amicus curiae for Aetna Cas. and Sur. Co., Nationwide Ins. Co., The Nat. Ass'n of Independent Insurers and The Alliance of American Insurers.
KOGAN, Justice.
The plaintiffs in this personal injury action petition this Court to review the decision of the Third District Court of Appeal in Landis v. Allstate Insurance Co., 516 So.2d 305 (Fla. 3d DCA 1987), in which the court certified that its decision was in direct and express conflict with Zordan ex rel. Zordan v. Page, 500 So.2d 608 (Fla. 2d DCA 1986), review denied, 508 So.2d 15 (Fla. 1987). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons which follow, we approve the opinion of the Third District Court of Appeal.
The defendants in the underlying action, Illeana and Frank Fuster, operated a licensed child care facility in their home in Dade County, Florida. The parents of several of the children under the Fuster's care brought an action alleging gross negligence and intentional harm stemming from the allegations that the Fusters sexually battered the children while they were under the Fusters' care. Both Frank and Illeana Fuster were convicted of the criminal charges of sexual battery of the children left in their care. State v. Fuster, No. 84-19728 (Fla. 11th Cir.Ct. 1984).
Allstate, which had issued a homeowners policy to the Fusters, brought a declaratory action to determine its rights and responsibilities in defending and covering the Fusters in this action. The trial court granted Allstate's motion for summary judgment, ruling that the "business pursuits" exclusion of the homeowner's policy applied, denying coverage for bodily injuries occurring while the insureds were engaged in a business pursuit, namely babysitting the children. The Third District Court affirmed the ruling, although it did so on the basis of the policy's "intentional acts" exclusion which denied coverage for bodily injury intentionally caused by an insured person.
The issues before us involve questions of the applicability of both policy exclusions to the facts of this case. The "business pursuits" exclusion of Allstate's homeowners policy with the Fusters reads:
We do not cover bodily injury or property damage arising out of the business pursuits of an insured person.
We do cover:
(a) activities normally considered non-business;
(b) the occasional and part-time business activities of an insured person who is a student under 21 years of age.
The policy goes on to define business, in pertinent part, as "any full or part time trade, profession or occupation and the use of any part of any premises for such purposes." The petitioners do not dispute that the Fusters' babysitting service constituted a business pursuit within the meaning of the policy exclusion. However, they argue that the activity of molesting children should be considered "non-business" for the purposes of the "non-business activity" exception to the business pursuits exclusion. The petitioners cite several opinions *1053 from other jurisdictions to support this view. See Jackson v. Lajaunie, 270 So.2d 859 (La. 1972); Morrill v. Gallagher, 370 Mich. 578, 122 N.W.2d 687 (1963); Farmers Ins. Exch. v. Sipple, 255 N.W.2d 373 (Minn. 1977); Milwaukee Mut. Ins. Co. v. City of Minneapolis, 307 Minn. 301, 239 N.W.2d 472 (1976). These cases state that the nature of the particular act involved and its relationship to the business controls whether the non-business activity exception applies. See Frazier, The "Business Pursuits" Exclusion in Personal Liability Insurance Policies: What the Courts Have Done With It, 1970 Ins.L.J. 519, 534.
We believe, as did the trial court, that babysitting in general, rather than the specific act of molesting children was the activity the Fusters were engaged in when the children were injured. Landis, 516 So.2d at 307 (Jorgenson, J., specially concurring). The crux of the lawsuit against the Fusters is their negligent care or supervision of the children. The activity referred to is not the molestation of the children; it is the failure to properly supervise the children. Therefore, the non-business activity exception does not apply, and the business pursuits exclusion in the homeowners policy precludes coverage.
Turning to the intentional acts exclusion, we find that no coverage could exist under this clause. The petitioners argue that the exclusion does not apply, as a matter of law, because there is a material issue of fact concerning whether the Fusters specifically intended to commit harm. They cite the majority opinion in Zordan, as support for this contention. In that case, a sharply divided panel of the Second District Court of Appeal held that an intentional acts exclusion does not apply if the insured does not have the specific intent to cause harm, unless the insured can be found to have subjectively intended the result. 500 So.2d at 609. However, Judge Frank dissented, pointing out that it is inherent in the logic of our system that "some form of harm inheres in and inevitably flows from the proscribed behavior." Id. at 614 (Frank, J., dissenting) (footnote omitted). The proscribed behavior in that case was the same as in these cases, namely the improper fondling of children.
We agree with Judge Frank's reasoning and reject the holding of the majority in Zordan. To state that a child molester intends anything but harm and long-term emotional anguish to the child defies logic. The petitioners argue that Illeana Fuster's diminished mental capacity prevented her from forming any specific intent to harm the children. Nonetheless, we believe that specific intent to commit harm is not required by the intentional acts exclusion. Rather, all intentional acts are properly excluded by the express language of the homeowners policy.
The petitioners make one final argument concerning the disposition of this case by the district court. They claim that the opinion is incorrectly based on the intentional acts exclusion, an issue not raised in Allstate's motion for summary judgment. While it is true that the motion for summary judgment was based essentially on the business pursuits exclusion, the entire declaratory judgment action was based on both exclusions. The district court was thus empowered to dispose of the judgment on either issue. The appellate court must review the entire record in making its determination.
It is elementary that the theories or reasons assigned by the lower court as its basis for the order or judgment appealed from, although sometimes helpful, are not in any way controlling on appeal and the Appellate Court will make its own determination as to the correctness of the decision of the lower court, regardless of the reasons or theories assigned therefor.
In re Estate of Yohn, 238 So.2d 290, 295 (Fla. 1970). This rule applies in cases of summary judgments as well. Szabo v. Ashland Oil Co., 448 So.2d 549 (Fla. 3d DCA), review denied, 453 So.2d 43 (Fla. 1984); Hester v. Gatlin, 332 So.2d 660 (Fla. 2d DCA 1976). Therefore, the district court correctly addressed the issue of the intentional acts exclusion despite the trial court's reliance on the business pursuits exclusion.
*1054 Accordingly, we approve the opinion of the Third District Court of Appeal, and disapprove the Second District Court's decision in Zordan.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.