550 So.2d 29 (1989)
AETNA CASUALTY AND SURETY COMPANY, INC., Appellant,
v.
Joshua MILLER, M.D., Appellee.
Nos. 88-655, 88-1524.
District Court of Appeal of Florida, Third District.
August 15, 1989.
As Amended on Denial of Rehearing November 9, 1989.
Blackwell, Walker, Fascell & Hoehl and Douglas H. Stein, Miami, for appellant.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel S. Perwin, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
PER CURIAM.
Aetna Casualty and Surety Company, a third-party defendant/insurer, appeals a final declaratory judgment which held that its policy of insurance with the University of Miami provided coverage and legal representation for Joshua Miller, M.D., the University's employee, in a lawsuit filed against him by a fellow physician claiming assault and battery, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress.
*30 Dr. Miller is a University of Miami surgeon and faculty member. He instructed a staff anesthesiologist, Dr. Gyamfi, to examine an intensive care patient in preparation for surgery. Dr. Miller further cautioned Dr. Gyamfi not to inform the patient of surgical risks because of her highly emotional state. Unknown to Dr. Miller, Dr. Mary Vinsant substituted for Gyamfi. Having not been briefed as to Dr. Miller's precautionary directive, Vinsant proceeded to discuss the operation with the patient in the normal course.
Dr. Miller arrived on the scene and found his patient emotionally distressed over the recently-learned risks involved in the imminent surgical procedure. He confronted Dr. Vinsant, allegedly grabbed the ends of a stethoscope draped around her neck, pulled and twisted them, causing Dr. Vinsant to suffer a herniated cervical disk. In response to the lawsuit filed by Dr. Vinsant and her husband, Miller filed a third-party complaint for declaratory relief against The University of Miami's insurance carrier, Aetna, asserting that because he is a University employee, Aetna's policy provided coverage and legal representation. The trial court ruled that Miller's acts were not excluded from Aetna's coverage and accordingly taxed attorney's fees and costs.
Aetna contends that the declaratory judgment was erroneous because Dr. Miller's wrongful acts were intentional and, therefore, excluded under its comprehensive general liability insurance policy which provides that coverage exists only for accidents, and further, notwithstanding that the injuries inflicted were unforeseeable, Dr. Miller's original conduct was not an accident for purposes of determining insurance coverage citing Hartford Fire Ins. Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977).
Spreen is controlling. There, a jealous husband took a swing at his wife's dancing partner. He admitted that he intended to hit the man, but that he did not mean to cause the blow-out fracture of the orbital floor of the eye which did, in fact, result. This court held in Spreen, quoting Grange Mut. Cas. Co. v. Thomas, 301 So.2d 158, 159 (Fla. 2d DCA 1974):
Indeed the law is well-settled that there can be no coverage under an insurance policy which insures against an "accident" where "the [insured's] wrongful act complained of is intentionally directed specifically toward the person injured by such act."
Similarly, Dr. Miller testified that he, being mildly upset, intentionally tugged on both ends of the stethoscope draped around Dr. Vinsant's neck. That he did not intend to cause the resulting physical injury does not avoid the policy's intentional act exclusion. See e.g., State Auto Mut. Ins. Co. v. Scroggins, 529 So.2d 1194 (Fla. 5th DCA 1988) (practical joke of pulling a chair out from under a plaintiff is intentional conduct and not an accident for insurance purposes; the fact that unintended serious injury resulted from the intended fall is irrelevant to the issue of coverage).
Turning next to the insurer's duty to defend, the general rule is that the obligation to defend an insured against an action, whether groundless or not, must be measured by the allegations of the complaint rather than the outcome of the litigation. See National Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977). Here, the facts, as stated in the pleadings, and as presented at trial, clearly establish an intentional act on the part of the insured within the policy's exclusion provisions, rendering irrelevant the allegations of negligence. See Peters v. Trousclair, 431 So.2d 296, 298 (Fla. 1st DCA 1983).
The declaratory judgment finding Aetna to have a duty to defend and to provide coverage is reversed for entry of a judgment in favor of Aetna.
Reversed and remanded.