619 So.2d 974 (1993)
Joseph R. OREAR, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 92-01633.
District Court of Appeal of Florida, Second District.
April 7, 1993.
Rehearing Denied June 28, 1993.
*975 Arthur S. Hardy, Matthews, Hutton & Eastmoore, Sarasota, for appellant.
David J. Abbey, Fox and Grove, Chartered, St. Petersburg, for appellee.
BLUE, Judge.
The defendant below, Joseph R. Orear (Orear), challenges the granting of a summary judgment in favor of Allstate Insurance Company (Allstate). The trial court, in granting the summary judgment, ruled as a matter of law that the homeowners insurance policy issued by Allstate did not provide coverage for injuries sustained by Orear. We hold that a material question of fact remains to be resolved and, therefore, reverse.
The injuries occurred as a result of Orear being intentionally pushed or shoved by Marty Pittman (Pittman) during a gathering of young people late at night in a parking lot in Sarasota County. Pittman and Orear were playfully "slam dancing" or wrestling, as were many other young people at this particular gathering. The injury occurred after Orear, who was pushed, fell backward over a car and struck his head. The pushing and shoving took place in fun, and any contact between Pittman and Orear was consensual.
At the time in question Pittman was insured under the homeowners policy of his father which contained the following language. "We do not cover any bodily injury ... which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person." The trial judge found the evidence before the court indicated there was no intent to commit harm, but concluded there was no coverage for the injury sustained by Orear because all intentional acts were excluded from coverage by the express language of the Allstate homeowners policy.
It appears from the language in the order appealed that the trial court relied on Landis v. Allstate Ins. Co., 546 So.2d 1051 (Fla. 1989). In Landis damages were claimed as the result of sexual child abuse. The court rejected the rule that a finding of specific intent to harm was necessary to bar coverage under an intentional acts exclusion of a homeowners policy. In so holding, the court approved the dissenting opinion in Zordan ex. rel. Zordan v. Page, 500 So.2d 608 (Fla. 2d DCA 1986), review denied, 508 So.2d 15 (Fla. 1987), in which Judge Frank noted "some form of harm inevitably flows from the proscribed behavior." The court, after holding that a showing of specific intent to harm was not necessary to preclude coverage, went on to say, "Rather, all intentional acts are properly excluded by the express language of the homeowner's policy." Landis, 546 So.2d at 1053.
The above quoted statement, we feel certain influenced the trial court's ruling in this case and has caused this court some concern. See Swindal v. Prudential, 599 So.2d 1314 (Fla. 2d DCA 1992). We believe that the statement applies only to the specific language of the exclusionary clause before the court in Landis. A footnote in the opinion of the third district court in Landis reveals an exclusionary clause which differs from the one before us. It reads: "We do not cover bodily injury intentionally caused by an insured person." Landis v. Allstate Insurance Company, 516 So.2d 305, 306 (Fla. 3d DCA 1988). By contrast, the exclusionary clause in our case speaks of harm reasonably expected or in fact intended. We believe there are sufficient differences between the two clauses that summary judgment is not required.
Although we conclude it was error to grant summary judgment based on the exclusionary language in the policy before us, we could also resolve this matter based on our interpretation of the decision in Landis. The above quoted statement from the supreme court's opinion seems to indicate that any intentional act is sufficient to preclude coverage. We believe that statement must be examined in the context of *976 the case being decided and the discussion which precedes the statement.[1]
There are factual distinctions which make us question whether Landis would exclude from coverage the intentional act in the case before us. In Landis, the intentional act was a battery, that is, it involved an unwanted or non-consensual touching. The intentional act before us appears to involve consensual activity and, therefore, no conduct which would be considered criminal or tortious. The trial judge believed there was no intent to harm. We can not say nor do we believe this can be said as a matter of law; this remains a question of fact. It was held in Landis that the conduct of the defendant was an act from which harm would "inevitably flow." It is possible a trial would result in a finding that harm was intended or that the conduct of Pittman involved an act from which harm would "inevitably flow." Either finding would have the result of excluding coverage.
We conclude there remains a material question of fact. Coverage can not be decided without determining if the actions of the insured were intended or could reasonably be expected to result in bodily injury. Accordingly, we reverse and remand this matter to the trial court for further proceedings in conformance with this opinion.
Reversed and remanded.
SCHOONOVER, A.C.J., and THREADGILL, J., concur.
NOTES
[1] We have no quarrel with the rule that specific intent to cause harm is too liberal a line between coverage and non-coverage. We question, however, whether a literal interpretation of the statement that all intentional acts bar coverage, does not create an insurmountable barrier to coverage. We would suggest that nearly all accidents have at their beginning an intentional act.