**ALLSTATE INSURANCE COMPANY,**
**Plaintiff–Appellee,**

v.

**Renuka PRASAD, Defendant–Appellant,**

**Hemraj Prasad; Chandra Palat;**
**Toreshwar Nauth,**
**Defendants.**

**No. 91–3914.**

United States Court of Appeals,
Eleventh Circuit.

May 20, 1993.

Harvey B. Hardy, Holbrook & Hardy, Orlando, FL, for defendant-appellant.

David B. Shelton, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Sharon Lee Stedman, Deciccio & Associates, P.A., Orlando, FL, for plaintiff-appellee.

Before KRAVITCH, Circuit Judge, GODBOLD and OAKES *, Senior Circuit Judges.

GODBOLD, Senior Circuit Judge:

This insurance case, governed by Florida law, arises from a judgment on the pleadings in favor of Allstate entered by the district court in this declaratory judgment action. Because we are not able to determine with assurance the Florida law governing this case, we certify to the Florida Supreme Court the determinative issues.

Renuka Prasad filed suit in Florida state court against Chandra Palat (the mother), and Toreshwar Nauth (the son). Prasad alleged that she was injured when, in the mother's home, she was attacked by the son wielding a knife. In Count One Prasad alleged that she was an invitee of the mother to the Palat home and that the mother negligently breached a duty of care to inform Prasad that her son was insane; that she knew that her son had violent propensities, was in a deteriorating mental condition, unpredictable and dangerous, and suffering from paranoid schizophrenia; and that as a direct result of the son's failure to take his antipsychotic medication his mental condition was so severely deteriorated that he was legally insane and thus unable to form intent. In Count Two Prasad alleged negligence by the son, arising from the son's awareness that he must take his antipsychotic medication, and his failure to do so, rendering him insane and incapable of formulating intent.

Paragraph 13 of the complaint alleged that two psychiatrists had examined the son and determined that he was a chronic psychotic, suffering from paranoid schizophrenia, and as a direct result of failure to be maintained on his medication his mental condition was so severely deteriorated that he was legally insane at the time of the stabbing and thus unable to form intent.

Allstate filed suit in federal district court seeking a declaratory judgment on coverage and duty to defend.[1] It alleged that it had insured mother and son under its Deluxe Homeowners Policy. It set out that the insureds had demanded that it provide a defense in the state court suit and that it was defending pursuant to a reservation of rights. It alleged that the actions of Nauth constituted criminal conduct, and intended conduct, and that the actions did not constitute an accident so that there was no accidental loss. Allstate asked for a declaration of rights, including a declaration that there was no coverage, and a declaration that it had no duty to defend or indemnify. Allstate attached to its complaint a copy of the policy.

Two sections of the policy are relevant: Section II—Family Liability and Guest Medical Protection, Coverage X, Family Liability Protection:

(1) Losses We Cover

Allstate will pay all sums arising from an accidental loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.

(2) Losses We Do Not Cover

We do not cover any bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an insured person.

The state court action has been stayed. There has been no determination in state or federal court of Nauth's alleged mental condition as described in the state court

---

* Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

1. Jurisdiction is based on diversity.

complaint, indeed no factfinding of any kind. The case was before the district court on the allegations of the state court complaint and the provisions of the policy attached to the declaratory judgment complaint. To determine if Allstate had a duty to defend, the court had to decide whether the state court complaint alleged a claim within the coverage of the policy. *Allstate Insurance Co. v. Travers,* 703 F.Supp. 911, 913 (N.D.Fla.1988). The district court, looking to the substantive law of Florida, concluded that the alleged attack by Prasad was within the policy exclusion denying coverage for the intentional acts of an insured, i.e., "bodily injury ... which may reasonably be expected to result from the intentional ... acts of an insured person." It held that the test of "may reasonably be expected" was objective, was not a subjective intent to do harm, and that bodily injury could "reasonably be expected" even though the son may have lacked the intent to harm Prasad. Harm, the court held, necessarily flowed from the proscribed conduct. Reliance on alleged insanity was held to be unavailing since an objective standard controlled. The court did not reach the issue of whether the son's alleged conduct was criminal in nature or whether the alleged injuries to Prasad were an accidental loss.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., the federal court has jurisdiction to entertain a declaratory judgment petition in the circumstances of this case whether or not authorized by the procedures of the state. *Cincinnati Insurance Co. v. Holbrook,* 867 F.2d 1330 (11th Cir.1989). In the present case the district court, as it was required to do, treated the allegations of the state court complaint as true. It accepted that the son's mental condition was as alleged in the state court complaint and found that nevertheless the intentional act exclusion applied.

We are not able to determine with certainty the Florida law that governs determining whether injury allegedly resulting from the act of an insane person is injury which "may reasonably be expected to result" from the intentional act of an insured person as provided by the exclusionary clause of the policy in question. Moreover, the district court did not address the question whether the alleged injury was an "accidental loss" covered under subparagraph (1), quoted above, and whether the alleged injury was excluded as "injury which may reasonably be expected to result from the ... criminal acts of an insured person," under subparagraph (2), above. These questions are interrelated with the "intentional acts" exclusion issue that the court did decide,[2] and we are unable to determine with certainty the Florida law relating to these questions.[3] Fragmentary decisions concerning the three issues will create the risk of generating multiple appeals. We conclude that in the interest of effective judicial administration this court should address the issues—all three or fewer than that—to the extent necessary for a determinative declaratory judgment to is-

**2.** *See, e.g., Landis v. Allstate Ins. Co.,* 546 So.2d 1051, 1053 (Fla.1989) (holding that intentional acts exclusion applies to intentional act of child molestation); *Shearer v. Central Florida YMCA,* 546 So.2d 1050, 1050–51 (Fla.1989) (per curiam) (relying on *Landis* to approve court of appeals conclusion that intentional act of child molestation is not an accident); *Hartford Fire Ins. Co. v. Spreen,* 343 So.2d 649, 650–52 (Fla.Dist.Ct.App. 1977) (holding that "accident" does not include intentional act if insured acted with intent to harm and noting that intentional acts exclusion applies if insured acted with specific intent to harm); *see also Allstate Ins. Co. v. Schmitt,* 238 N.J.Super. 619, 570 A.2d 488, 492–94 (App.Div.), *cert. denied,* 122 N.J. 395, 585 A.2d 394 (1990) (discussing whether Allstate's criminal acts exclusion applies to reckless criminal conduct).

**3.** One line of Florida cases suggests that, for purposes of insurance policy exclusions, the acts of those legally insane are not intentional. *See Northland Ins. Co. v. Mautino,* 433 So.2d 1225, 1227 (Fla.Dist.Ct.App.1983); *Arkwright–Boston Mfrs. v. Dunkel,* 363 So.2d 190, 193 (Fla.Dist.Ct. App.1978); *George v. Stone,* 260 So.2d 259, 262 (Fla.Dist.Ct.App.1972). In a recent opinion, however, a federal district court in Florida concluded that *Landis* and other cases involving child molesters had undermined the line of cases beginning with *George. See Allstate Ins. v. Cruse,* 734 F.Supp. 1574, 1579–80 & n. 6 (M.D.Fla.1989). Florida's state courts have not addressed the issue whether *Landis* and *George* conflict or interpreted the particular language contained in Palat's policy.

sue. We, therefore, certify the following questions to the Supreme Court of Florida:

(1) Under Florida law does the intentional acts exclusion of the policy in question apply in the circumstances alleged in the state court complaint?

(2) Are the injuries alleged in the state court complaint an "accidental loss" as described in the policy?

(3) Does the criminal acts exclusion of the policy apply in the circumstances alleged in the state court complaint?

We do not intend the particular phrasing of these questions to limit the Supreme Court of Florida in its consideration of the issues posed by this case. We recognize that answer to one or more of these certified questions may make it unnecessary for the Supreme Court to answer another question(s). In order to assist consideration of the case, the entire record, along with the briefs of the parties, shall be transmitted to the Supreme Court of Florida.

QUESTIONS CERTIFIED.