**ALLSTATE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Renuka PRASAD, Defendant–Appellant,**

**Hemraj Prasad; Chandra Palat; Toreshwar Nauth, Defendants.**

**No. 91–3914.**

United States Court of Appeals, Eleventh Circuit.

Dec. 14, 1994.

Harvey B. Hardy, Holbrook & Hardy, Orlando, FL, for appellant.

David B. Shelton, Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Sharon Lee Stedman, Deciccio & Associates, P.A., Orlando, FL, for appellee.

Before KRAVITCH, Circuit Judge, GODBOLD and OAKES *, Senior Circuit Judges.

PER CURIAM:

By our opinion of May 20, 1993 this court certified three questions to the Supreme Court of Florida:

---

* Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

(1) Under Florida law does the intentional acts exclusion of the policy in question apply in the circumstances alleged in the state court complaint?

(2) Are the injuries alleged in the state court complaint an "accidental loss" as described in the policy?

(3) Does the criminal acts exclusion of the policy apply in the circumstances alleged in the state court complaint?

*Allstate Insurance Co. v. Prasad,* 991 F.2d 669 (11th Cir.1993).

The Supreme Court responded, on September 22, 1994, in *Prasad v. Allstate Insurance Co.,* 644 So.2d 992 (1994). That court found that the allegations of the complaint denoted an intentional act, and "that a person who is considered insane may still be capable of entertaining the intent to commit certain acts, even if that intent is the consequence of a delusion or affliction."

Accordingly the Supreme Court answered the first question in the affirmative, the second in the negative, and found it unnecessary to answer the third.

Applying the Florida law as set out by the Supreme Court, the judgment on the pleadings in favor of Allstate is AFFIRMED.