```
STATE FARM FIRE AND          )
CASUALTY COMPANY,            )
                            )
     Plaintiff-Appellee,     ) Appeal No.
                            ) 01A01-9609-CV-00409
v.                          )
                            ) Sumner Circuit
HENRY DAVID PICKRAL, and    ) No. 14587-C
wife, LINDA M. PICKRAL,     )
                            )
     Defendants-Appellants.  )
```

FILED

**February 26, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**COURT OF APPEALS OF TENNESSEE**
**MIDDLE SECTION AT NASHVILLE**

APPEALED FROM THE CIRCUIT COURT OF SUMNER COUNTY AT GALLATIN, TENNESSEE.

THE HONORABLE THOMAS GOODALL, JUDGE.

ROGER W. HUDSON,
MURFREE, COPE, HUDSON & SCARLETT
16 Public Square North
Murfreesboro, TN 37130
     Attorney for Appellee.

LUTHER E. CANTRELL, JR.,
DAVIES, CANTRELL, HUMPHREYS & McCOY
150 Second Avenue North, Suite 225
P.O. Box 190609
Nashville, TN 37219-0609
     Attorneys for Appellant, Henry David Pickral

**AFFIRMED AND REMANDED**

**HERSCHEL P. FRANKS, JUDGE**

CONCUR:
GODDARD, P.J.
SUSANO, J.

In this declaratory judgment action the Trial Judge declared that the policy issued by plaintiff to defendant, Henry David Pickral, did not afford coverage for an action brought against defendant by ANF, who had charged in her complaint that ?he would sexually molest and assault her, both physically and mentally.?

Defendants have appealed, and motion was filed in this Court to dismiss for failure to comply with Rule 5 T.R.A.P., i.e., appellant did not file a copy of the notice of appeal with the Clerk of the Court of Appeals. Appellants concede this fact and offer no circumstances requiring us to waive the requirement of the Rule. Accordingly, the appeal will be dismissed on this ground.

However, we have reviewed the record and conclude the Trial Judge reached the correct result.

Plaintiffs' complaint averred that it was not obligated to defend Pickral in his lawsuit or indemnify him for any judgment against him under his homeowner's insurance policy. It asserts that no coverage is provided because the molestation was not an occurrence, as defined in the policy, and the policy excludes liability for bodily injury which is expected or intended by an insured, or is the result of a willful and malicious act of an insured.

Summary judgment will be granted when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). The policy in this case defines an

2

occurrence as an accident that results in bodily injury or property damage. It excludes coverage for bodily injury or property damage which is either expected or intended by the insured, or to any person or property which is the result of willful and malicious acts of the insured. Exclusionary clauses such as these are not to be construed broadly in favor of the insurer, nor are they to be construed so narrowly as to defeat their purpose. *Midland Ins. Co. v. Home Indemnity Co.*, 619 S.W.2d 387, 389 (Tenn. App. 1981).

Appellant argues that a distinction can be drawn between an intent to commit an act and an intent to harm. He submits a physician's affidavit opining that Pickral was not aware or did not intend that the touching of the child would cause her harm.

The Supreme Court has adopted a two part approach to determining whether an intended or expected acts exclusion applies. It must be established that the insured intended the act and also intended or expected that the injury would result. *Tennessee Farmer's Mutual Insurance Co. v. Evans*, 814 S.W.2d 49, 55 (Tenn. 1991). The *Evans* Court notes:

> these are separate and distinct inquiries because many intentional acts produce unexpected results and comprehensive liability insurance would be somewhat pointless if protection were precluded if, for example, the intent to cause harm was not an essential (and required) showing. *See* 7A J. Appleman, Insurance Law and Practice §4501.09 at 263 (1979). Intent may be actual or inferred from the nature of the act and the accompanying reasonable foreseeability of harm. *Id.*

The first prong of the evidence test is met by appellant's admission that he purposely touched the child in an extremely inappropriate manner, and had her touch him. The second prong of the test, that injury was intended or expected to result, can reasonably be inferred from the nature of the act. Defendant's subjective assertion regarding his

3

intention does not bring these materials facts into dispute. *J.C. Penney Casualty Insur. Co. V. M.K.,* 804 P.2d 689, 697 (Cal. 1991). Nor does the affidavit of a physician concluding that defendant meant no harm. *J.C. Penney at 700; CNA Ins. Co. V. McGinnis,* 666 S.W.2d 689, 691 (Ark. 1984); *Allstate Ins.Co. V. Troelstrup,* 789 P.2d 415, 419 (Colo. 1990).

It cannot be seriously argued that harm to the child victim is an ?unexpected result? in these circumstances. Indeed, numerous courts have found that molestation of a child always carries with it the inherent intent to harm which can exclude insurance coverage. *Landis v. Allstate Ins. Co.,* 546 So.2d 1051, 1053 (Fla. 1989); *Horace Mann Ins. Co. V. Independent School Dist. No. 565*, 355 N.W.2d 413 (Minn. 1984); *Maayeh v. Trinity Lloyds Ins. Co.*, 850 S.W.2d 193 (Tex. Ct. App. 1993).

The appeal is dismissed at appellants' cost and the cause remanded.


_____
Herschel P. Franks, J.


CONCUR:




_____
Houston M. Goddard, P.J.




_____
Charles D. Susano, Jr., J.


4