724 So.2d 133 (1998)
Jorge CASTRO, Luisa Castro, and Mario Rodriguez, Appellants,
v.
ALLSTATE INSURANCE COMPANY and Norfolk & Dedham Mutual Fire Insurance Company, Appellees.
No. 98-78.
District Court of Appeal of Florida, Third District.
November 25, 1998.
Rehearing Denied January 20, 1999.
*134 Charles E. Bloom, Miami; Lawrence & Daniels, and Adam H. Lawrence, Miami, for appellants.
Angones, Hunter, McClure, Lynch & Williams, and Christopher J. Lynch, Miami, for appellees.
Before COPE, GREEN and SORONDO, JJ.
PER CURIAM.
Mario Rodriguez (Rodriguez), Jorge Castro (Castro), and Luisa Castro appeal from the lower court's final declaratory judgment finding that Allstate Insurance Company and Norfolk & Dedham Mutual Fire Insurance Company are not obligated to defend or indemnify Rodriguez with respect to the action filed by the Castros.
Castro and Rodriguez were police officers assigned to the same station who were friendly with one another. At the station on September 14, 1992, Rodriguez came up behind Castro and "playfully" tickled Castro's ear with the antenna of his hand held radio. Upon feeling the antenna, Castro turned his head quickly and unexpectedly. This forced the antenna into his ear canal and ruptured his ear drum. Rodriguez denied any intent to hurt or injure Castro. A sergeant who witnessed the incident testified that he believed it was an accident and that Rodriguez did not intend to harm Castro.
The Castros sued Rodriguez. Thereafter, Rodriguez's homeowners insurers filed an action seeking declaratory relief on the issue of insurance coverage and moved for summary judgment. Allstate asserted that it did not provide coverage for the injury sustained by Castro because it resulted from an act or omission "intended to cause bodily injury or property damage." Allstate's policy indicated that this exclusion applies "even if the bodily injury or property damage is of a different kind or degree, or is sustained by different person or property, than that intended or expected." Norfolk & Dedham asserted that no coverage was owed to Rodriguez because Castro's action did not constitute an "occurrence" within the meaning of its policy and because there was no coverage for bodily injury which is "expected or intended" by the insured. Both insurers asserted that the action was barred under the "business pursuits" exclusion of their policies. Concluding that Rodriguez acted intentionally, the trial court granted summary judgment on the authority of Aetna Cas. & Sur. Co., Inc. v. Miller, 550 So.2d 29 (Fla. 3d DCA 1989).
Having reviewed the record below, we conclude that there is absolutely no evidence that Rodriguez "intended or expected to cause bodily injury" to Castro. The trial court's reliance on Miller was misplaced. There, a physician became annoyed with a colleague who he erroneously believed had violated his instructions for the treatment of one of his patients. He grabbed the stethoscope his colleague was wearing around her neck and pulled and twisted it causing her to suffer a herniated cervical disk. Relying on Hartford Fire Ins. Co. v. Spreen, 343 So.2d 649 (Fla. 3d DCA 1977), this Court concluded that the insured had the intent to cause bodily harm although the injury which resulted was more severe than expected. See Miller, 550 So.2d at 30. Both Miller and Spreen are distinguishable from the present case, however, in that the insured in those cases, acting out of anger, actually intended to harm the plaintiffs but merely miscalculated the degree of injury ultimately suffered by them. In the present case the evidence is clear that Rodriguez, while intending to touch Castro, intended no harm. In this light, we believe that Prudential Property & *135 Cas. Ins. Co. v. Swindal, 622 So.2d 467 (Fla. 1993) (exclusion inapplicable where gun which discharged during a scuffle was carried with the intent to frighten, not harm, the victim); Orear v. Allstate Ins. Co., 619 So.2d 974 (Fla. 2d DCA 1993) (summary judgment for insurer reversed where it could not be said as a matter of law that insured, who was "playfully `slam dancing'" with plaintiff, intended or expected to injure him); United States Fidelity & Guar. Co. v. Perez, 384 So.2d 904 (Fla. 3d DCA 1980) (exclusion inapplicable where insured intended to frighten not hit the decedent when she fired the gun); and Cloud v. Shelby Mut. Ins. Co., 248 So.2d 217 (Fla. 3d DCA 1971)(exclusion inapplicable where insured intended simply to push a car out of his path not injure its occupant), should govern the result in this case.
As concerns the insurers' duty to defend, "the general rule is that the obligation to defend an insured against an action, whether groundless or not, must be measured by the allegations of the complaint rather than the outcome of the litigation." Miller, 550 So.2d at 30. Here, the facts as set forth in Castro's complaint clearly allege that it was not an intentional act but Rodriguez's reckless disregard that caused Castro's injuries. Accordingly, we reverse the judgment under review and remand for further proceedings consistent with this opinion.
Reversed.