MAY, J.,
concurring specially.
I concur in the majority opinion, but write to call attention to the legal paradox created by the allegations in the second amended complaint.
I agree that the plaintiff alleged the requisite elements to state a negligence claim: the defendant created a zone of risk, had a legal duty that he breached, resulting in permanent injury to the plaintiff. McCain v. Fla. Power Cory)., 593 So.2d 500 (Fla.1992). Nevertheless, the factual allegations are inherently inconsistent with the legal allegations. The plaintiff specifically alleged “trickery” — an intentional act — but wrapped it in a cloak of negligence allegations. As the trial court articulated, “[tjricking is ... pre-thought-out and that would be something in the intentional tort category....” [1]
The query then becomes whether a party can allege that a defendant was negligent in committing an intentional act? It appears that the answer is “yes.”
The duty element of negligence focuses on whether the defendant’s conduct foreseeably created a broader “zone of risk” that poses a general threat of harm to others. The proximate causation element, on the other hand, is concerned with whether and to what extent the defendant’s conduct foreseeably and substantially caused the specific injury that actually occurred. In other words, the former is a minimal threshold legal requirement for opening the courthouse doors, whereas the latter is part of the much more specific factual requirement that must be proved to win the ease once the courthouse doors are open.
Id. at 502 (citation and footnote omitted). “[T]he proper inquiry for the reviewing appellate court is whether the defendant’s conduct created a foreseeable zone of risk, not whether the defendant could foresee the specific injury that actually occurred.” Id. at 504. Once the zone of risk is foreseeable, the legal duty is established and it then becomes a question of fact whether causation is foreseeable. Here, the plaintiff sufficiently alleged the defendant created a foreseeable zone of risk.
On the other hand, our supreme court “has defined an intentional tort as one in which the actor exhibits a deliberate intent to injure or engages in conduct which is substantially certain to result in injury or death.” D’Amario v. Ford Motor Co., 806 So.2d 424, 438 (Fla.2001). Here, the plaintiff alleged “trickery,” conduct substantially certain to cause the plaintiff to jump. That allegation sounds suspiciously like an intentional act, even though the defendant may not have intended for the plaintiff to be injured.
In reviewing cases from across the country, I found Rocha v. Faltys, 69 S.W.3d 315 (Tex.App.2002), to be most factually on *1260 point. There, two fraternity brothers went to the top of a cliff after consuming some beer. The defendant dove into the water first and encouraged the decedent to do the same. The decedent jumped into the swimming hole and drowned. The Texas Court of Appeals upheld a summary judgment for the defendant. The Texas court placed legal responsibility on the decedent for voluntarily participating in the dangerous activity, even though encouraged to do so by the defendant. The court found the encouragement was not substantial enough to create a duty on the part of the defendant.
While the majority opinion here finds Rocha factually distinguishable, I do not find the facts significantly different. What is different is each state’s legal approach to the issue. Texas places responsibility on the party undertaking the dangerous act, absent some substantial act by the defendant, while Florida appears to allow responsibility to be placed on a defendant, who encourages someone to take part in a dangerous act, as long as the defendant creates a foreseeable zone of risk.
The Connecticut Supreme Court reached a similar conclusion in American National Fire Insurance Co. v. Schuss, 221 Conn. 768, 607 A.2d 418 (1992). There, the court discussed the fine line between intentional and negligent conduct.
[Ijntentional tortious conduct will ordinarily also involve one aspect of negligent conduct, namely, that it falls below the objective standard established by law for the protection of others against unreasonable risk of harm. That does not mean, however, ... that the same conduct can reasonably be determined to have been both intentionally and negligently tortious. The distinguishing factor between the two is what the negligent actor does not have in mind: either the desire to bring about the consequences that follow or the substantial certainty that they will occur. If he acted without either that desire or that certainty, he was negligent; if he acted with either that desire or that certainty, he acted intentionally.
Id. at 423 (citations omitted). In our case, the defendant is alleged to have acted with the requisite desire in trying to get the plaintiff to jump from the cliff, rendering the act intentional under Connecticut law.
If either Texas or Connecticut law were to be applied to our facts, I suggest the outcome would be different. Here, the defendant engaged in conduct, which was substantially certain to cause the plaintiff to jump, and succeeded in achieving that outcome. This seems to me, as it did to the trial judge, to be intentional. But this is not the law in Florida, which has drawn the boundaries of negligence more loosely. For that reason, I concur with the majority.[2]

. We are not blind to the reason for turning an intentional act into a negligence claim. Most insurance policies exclude coverage for the intentional acts of an insured. See, e.g., State Fami Fire & Cas. Co. v. Tippett, 864 So.2d 31 (Fla. 4th DCA 2003) (finding an attempt to plead negligent sexual assault cannot avoid the intentional act exclusion for conduct that is clearly intentional).

. But see State Auto Mut. Ins. Co. v. Scroggins, 529 So.2d 1194, 1195 (Fla. 5th DCA 1988) (finding the victim's injury fell within exclusion for intentional act when defendant pulled chair out from underneath plaintiff; "The fact that an unintended serious injury resulted from the intended fall is irrelevant to the issue of coverage.”).