PER CURIAM.
 

 Appellant challenges a judgment imposing liability under a mobile homeowner’s insurance policy arising from the sexual battery and molestation of D.R., a minor, by the named insured, D.M., who was D.R.’s stepfather at all relevant times. Although Appellant raises several arguments to avoid liability, we need only address its contention that of D.R.’s claims are expressly excluded under the language of the policy. The policy excludes “[cjlaims which are expected or intended by any of you or performed at any of your direction.” All of the causes of action, however labeled, are based upon the factual contention that D.M. had unlawful and inappropriate sexual relations and contact with D.R. These claims are clearly excluded by the terms of the policy.
 
 Landis v. Allstate Ins. Co.,
 
 546 So.2d 1051 (Fla.1989).
 

 Accordingly, we reverse both the judgment for damages and the separate judgment awarding attorney’s fees.
 
 [1]
 

 REVERSED.
 

 TORPY, COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 . We now consolidate these appeals.