**Craig GILLILAND, Jr., Appellant,**

v.

**PON LIP CHEW et al., Appellees.**

**No. 5626.**

Court of Civil Appeals of Texas.

El Paso.

March 2, 1966.

———◆———

Gerald B. Shifrin and Samuel Wasaff, El Paso, for appellant.

John B. Luscombe, Wellington Chew, El Paso, Harris & Ball, Arlington, for appellees.

CLAYTON, Justice.

Appellee Pon Lip Chew sued appellant Craig Gilliland, Jr. and Rio Grande Produce Company, of which Gilliland was President, General Manager and Chairman of the Board of Directors, for damages for personal injuries suffered by Chew, a vegetable peddler, in connection with an alleged assault and battery committed by Gilliland upon him. Based upon jury answers to special issues, judgment was entered in favor of Chew. This court in its original opinion, Gilliland v. Pon Lip Chew, 381 S.W.2d 671, reversed and remanded for a new trial the judgment of the trial court for the court's action in determining that there was a conflict in some of the jury's answers, and in instructing the jury to retire to further deliberate their verdict. Thereupon the jury, upon further retirement, changed its original answers in certain respects. The result was a verdict upon which the trial court entered judgment for Pon Lip Chew in the amount of $35,824.90.

This court took the view that there was no irreconcilable conflict in the jury's original answers, and that the trial court erred in sending the jury back for further deliberations. We therefore reversed the trial court's judgment and remanded the case for a new trial. The judgment of this court was reversed by the Texas Supreme Court in Pon Lip Chew et al., v. Gilliland, 398 S.W.2d 98, November 20, 1965, and the cause was remanded to this court for the purpose of passing upon the claimed excessiveness of the verdict. We are instructed that if we determine that the amount of the verdict is excessive, we shall enter judgment in accordance with the procedure set out in Rule 440, Texas Rules of Civil Procedure; and if we determine that the amount of the verdict is not excessive, we shall render a judgment affirming the judgment of the trial court. The judgment of the trial court is hereby affirmed.

The jury's answers to the damage issues are as follows:

## "QUESTION NO. 3

"What sum of money, if any, if paid in cash now, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff for medical and hospital bills, if any, incurred up to the time of trial as a proximate result of the incident of May 10, 1961, which is made the basis of this lawsuit. Answer by stating the amount, if any, in dollars and cents.

"In stating the amount, if any, to the foregoing question, you may take into consideration reasonable and necessary expenses, if any, as a proximate result of the incident and injuries incurred by Plaintiff for reasonable and necessary hospital and medical attention, including walking devices, back braces and any other doctors' bills, if any, and none other.

"We answer $2689.90"

The amount found by the jury is the exact amount of bills and expenses incurred by the plaintiff up to the time of the trial as shown by the testimony in this case.

## "QUESTION NO. 5

"What sum of money, if any, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff, Pon Lip Chew, for the reasonable and necessary medical expense, if any, which Plaintiff will incur in reasonable probability in the future for the injuries suffered by him, if any, as a proximate result of the occurrence in question? Answer in dollars and cents, if any.

"We answer $1335.00"

This answer seems in line with the testimony, outlined hereafter, with regard to future medical expense, life expectancy, etc.

## "QUESTION NO. 6

"What sum of money, if any, if paid in cash now, do you find from a preponderance of the evidence would fairly and reasonably compensate the Plaintiff, Pon Lip Chew, for such injuries as have proximately resulted or will in reasonable probability proximately result in the future by reason of such injuries, if any, as you find from a preponderance of the evidence suffered by Pon Lip Chew as a proximate result of the occurrence of May 10, 1961, made the basis of this lawsuit, taking into account such of the following elements inquired about hereafter, which you find are established by a preponderance of the evidence and none other? Answer each of the inquiries by stating the amount, if any, in dollars and cents.

"(a) Such physical pain and mental anguish, if any, as you may find from a preponderance of the evidence he has sustained from May 10, 1961, to the date of this trial, proximately resulting from such injuries, if any, suffered on the occasion made the basis of this suit; and if you find from a preponderance

of the evidence he will in reasonable probability sustain physical pain and mental anguish in the future beyond this date as a proximate result of the injuries if any, suffered on the occasion in question, then you may take that into consideration also. Answer in dollars and cents if any.

"We answer $15,000.

"(b) The reasonable cash value of the decrease, if any, in plaintiff's ability to earn money as a proximate result of the incident in question, if any, which he has suffered from the date of the occasion in question to the time of this trial; and if you find from a preponderance of the evidence that in reasonable probability the Plaintiff will suffer in the future a decreased ability to earn money, if he has, as a proximate result of the injuries, if any, suffered on the occasion in question, then you may take that into consideration also. Answer in dollars and cents, if any.

"We answer $16,800"

The foregoing answers of the jury were the basis of the court's entry of judgment in favor of Pon Lip Chew and against the defendant Craig Gilliland, Jr., in the amount of $35,824.90. Included in the statement of facts is the testimony of Dr. Zigmund W. Kosicki, an orthopedic surgeon, who examined and treated Chew, including X-rays and physio-therapy, up until the time of the trial. He found that Chew had suffered compressions of the twelfth thoracic vertebra and the first lumbar vertebra with fracture of the spinous process, requiring wearing of a back brace and medication for pain. He testified that Chew would probably have to "see me, oh, on an average of about four or five times a year for follow-up visits" and for continued measurement and fitting of the back brace about every two years. The doctor further testified that in his opinion, in reasonable probability further medical treatment, prescriptions, and so on would be approximately anywhere from $50 to $100 a year, and that the pain would continue and the medical advice and treatment which he had described would probably be required permanently; that besides pain there would be fatigue, inability to do heavy manual labor or to move about quickly and that in his opinion Chew would be permanently disabled from performing his duties as a vegetable peddler.

There was also testimony in the record from an attorney at law referring to a mortality table in 58 Corpus Juris Secundum 179 (Pocket Part), that a person of 63 years, the age of Chew at the time of his injuries, would have a life expectancy of 14.14 years. Chew testified that his income would be "somewhere, yearly, about twenty-four hundred or twenty-five hundred dollars, thereabouts". Taking this testimony in company with that of Dr. Kosicki, we feel that the jury's answer to Special Issue 6(b) is not out of line, or exorbitant. The jury's answer to Special Issue 6(a), dealing with pain and mental anguish, is, of course, a fact question and cannot be gauged by any known hard and fast rule, but we have no reason to consider the answer excessive.

There was, of course, other medical testimony in the record, mainly from Dr. Hunter Vaughan, also an orthopedic surgeon who, at the request of the attorney for Rio Grande Produce Company, had examined the plaintiff, Chew, and taken X-rays of him in December of 1961 and had reviewed previous X-rays and the patient's history relative to his injuries, and stated that in his opinion Chew had a maximum disability at that time of 25 per cent which is permanent, and that he saw no reason why Chew could not drive a truck in order to continue his occupation as produce peddler. However, reviewing the entire record, we feel that the answers of the jury as to damages were entirely supported by testimony, and that no reason exists why they should be determined to be excessive. As stated, therefore, in following the instructions of the Supreme Court, we find no reason to determine that the verdict of the jury is excessive, and feel that the

judgment of the trial court based upon the verdict should be affirmed.

. The judgment of the trial court in this cause is accordingly affirmed.

FRASER, C. J., not participating.