**Craig GILLILAND, Jr., Appellant,**

v.

**EMPLOYERS LIABILITY ASSURANCE CORPORATION, Ltd., Appellee.**

**No. 5861.**

Court of Civil Appeals of Texas.

El Paso.

July 19, 1967.

Rehearing Denied Sept. 6, 1967.

Gerald B. Shifrin, El Paso, for appellant.

Hardie, Grambling, Sims & Galatzan, John A. Grambling, El Paso, for appellee.

## OPINION

FRASER, Chief Justice.

This is a lawsuit concerning a "homeowner's policy". Our examination of the record reveals that coverage for intentional injuries was excluded under the terms of the policy, and a further exclusion provides that coverage is not extended to any business pursuits of an insured except activities therein which are ordinarily incident to non-business pursuits. Plaintiff brought his suit claiming that the defendant insurance company failed to defend plaintiff Gilliland in an original action, and the said insurance company refused to pay any part of the $36,000.00 judgment resulting from the original case. Therefore, this lawsuit is concerned with an attempt by the plaintiff to recover for failure of the defendant insurance company to either defend plaintiff in said original lawsuit or to pay any part of the judgment rendered therein.

In said original case (Gilliland v. Pon Lip Chew, Tex.Civ.App., 401 S.W.2d 137), it is a matter of record that judgment was rendered in favor of Pon Lip Chew against plaintiff-appellant solely upon jury findings of an assault and battery, which was defined to the jury as an act of unlawful violence committed with intent to injure. The record from the original case also reveals that the incidents and occurrences which were litigated in said suit were matters occurring at or on the premises of appellant and during the usual business hours, and that Mr. Pon Lip Chew was examining vegetables or merchandise for sale at the time of the incident.

Appellant maintains that the judgment of the trial court in this matter was wrong because the trial court erred in holding as a matter of law that the injuries to Pon Lip Chew occurred during business pursuits of the insured and thus were not covered by the policy; that such holding by the court was actually a factual matter and should not have been decided in a summary judgment; that the court was in error in holding as a matter of law that the bodily injuries of Pon Lip Chew were caused intentionally by, or at the direction of the insured; that the court erred in granting its summary judgment because there were relevant and material fact issues; and lastly, that because appellee here was not a party to the said styled case, the court committed error in holding that these matters were properly disposed of by the original case and were therefore res judicata or constituted estoppel by judgment.

We think all of these points must be overruled because, as stated above, it is a matter of record that the trial court found the injury to have been intentionally caused and to have occurred during the normal course of business, either of which finding is a carefully set-out exclusion in

the policy. Travelers Insurance Company v. Newsom, Tex.Civ.App., 352 S.W.2d 888 (ref., n.r.e.); United States Fidelity & Guaranty Co. v. Baldwin Motor Co., 34 S.W.2d 815 (Tex.Com.App.1931). We do not believe appellant's point relative to res judicata to be applicable in the matter before us.

Appellant's points are therefore all overruled, and the judgment of the trial court is in all things affirmed.