314 So.2d 208 (1975)
Rosalina OTERO et al., Appellants,
v.
UNITED STATES FIRE INSURANCE COMPANY, Appellee.
Jose RODRIGUEZ et ux., Appellants,
v.
UNITED STATES FIRE INSURANCE COMPANY, Appellee.
Nos. 74-665, 74-669.
District Court of Appeal of Florida, Third District.
May 27, 1975.
Rehearing Denied July 2, 1975.
Horton, Perse & Ginsberg, Dixon, Dixon, Lane & Mitchell, Miami, for Otero.
Brumer, Moss, Cohen & Rodgers, Miami, for Rodriguez.
Wicker, Smith, Pyszka, Blomqvist & Davant and Richard A. Sherman, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
HENDRY, Judge.
The appellant, Rosalina Otero, defendant in the trial court, seeks review of a final judgment determining that the appellee, United States Fire Insurance Company, does not owe coverage to Mrs. Otero under a homeowners' policy, and dismissing the insurance company from liability.
*209 The stipulated facts between the parties reveal that Mrs. Otero was sued by the plaintiff, Jose Rodriguez. The material allegations of Rodriguez' complaint were that Rodriguez and his wife were tenants in an apartment house owned by Mrs. Otero and that Rodriguez was intentionally assaulted and beaten up by one Orlando Lima, an agent of Mrs. Otero.
The parties stipulated that Lima is Mrs. Otero's son-in-law; that Lima assisted Mrs. Otero, who is an elderly widow, in upkeep of the apartment house and occasionally collected rent; that Mrs. Otero requested that her son-in-law, Lima, meet with the plaintiff Rodriguez at the subject premises covered by the insurance policy regarding a dispute which had arisen concerning the return of a security deposit to Rodriguez as well as the return of a key by Rodriguez to Mrs. Otero; that at this meeting between Rodriguez and Lima an exchange of profanities erupted followed by a fist fight, giving rise to a lawsuit filed by Rodriguez against Mrs. Otero.
The principal issue regarding insurance coverage focused upon an exclusionary clause of the insurance policy, which reads as follows:
"This policy does not apply:
"(1) (d) to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to nonbusiness pursuits;"
Appellant argues that the exclusions when read in light of the entire insurance agreement and when construed most favorably on behalf of the insured, Mrs. Otero, does not exclude coverage to her under the facts of this case. We must disagree.
Although the parties stipulated that Lima was not an "employee," receiving compensation for his assistance rendered on behalf of Mrs. Otero, we think it is quite clear that Rodriguez' complaint was based upon a theory of agency; and that Mrs. Otero was vicariously liable because Lima was acting in furtherance of her business interests. Cf., Sixty-Six, Inc. v. Finley, Fla.App. 1969, 224 So.2d 381; Sands v. Ivy Liquors, Inc., Fla.App. 1966, 192 So.2d 775; 3 Am.Jur.2d Agency § 267.
Therefore, it is our conclusion that the trial court was eminently correct in finding that the episode involved in this case and the personal injury to the plaintiff primarily arose out of a business pursuit and coverage under the policy was excluded. See generally, Annot., 48 A.L.R.3d 1096; Gilliland v. Employers Liability Assurance Corporation, Ltd., 417 S.W.2d 921 (Tex.Civ. App. 1967); see also, Swiss National Insurance Company v. Martorella, Fla.App. 1970, 239 So.2d 144.
For the reasons stated, the judgment appealed is affirmed.
Affirmed.