549 So.2d 1200 (1989)
LIBERTY MUTUAL INSURANCE COMPANY, Appellant,
v.
Joshua MILLER, M.D., Appellee.
Nos. 88-743, 88-1523.
District Court of Appeal of Florida, Third District.
October 17, 1989.
Magill & Lewis, and R. Fred Lewis, Miami, for appellant.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, and Joel S. Perwin, Miami, for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Liberty Mutual Insurance Company (Liberty Mutual) appeals a final declaratory judgment holding its homeowner's insurance policy with Joshua Miller, M.D., affords coverage to Dr. Miller in connection with a lawsuit filed against him by a fellow physician. We reverse.
Appellee, Dr. Miller, is a surgeon employed by the University of Miami. It is undisputed that Dr. Miller had a confrontation with another doctor, Dr. Mary Vinsant, regarding the care and treatment of a mutual patient. It is also undisputed that this confrontation occurred at the hospital and that during the course of this confrontation, Dr. Miller tugged or pulled on the stethoscope draped around Dr. Vinsant's neck. The incident occurred shortly after each doctor had met with their mutual patient.
Dr. Vinsant subsequently sued Dr. Miller for personal injury damages and Dr. Miller demanded that appellant Liberty Mutual provide coverage to him under his homeowner's policy with the company. Liberty Mutual denied coverage and thereafter filed this action for declaratory judgment. The trial court determined that Dr. Miller's homeowner's policy of insurance with Liberty *1201 Mutual afforded coverage for the incident.[1]
On appeal, Liberty Mutual contends that there is no coverage for Dr. Miller's conduct because of an exclusion from coverage under the policy for business pursuits. The homeowner's policy contains a specific provision excluding coverage "arising out of business pursuits of any insured." The provision further provides that the exclusion does not apply to "activities which are ordinarily incident to non-business pursuits." Dr. Miller asserts that there is coverage under the policy for his conduct because the confrontation between him and Dr. Vinsant was incidental to a non-business pursuit.
We conclude that Liberty Mutual's homeowner's policy with Dr. Miller does not afford coverage for the incident. In a similar case involving a virtually identical provision, Otero v. United States Fire Insurance Company, 314 So.2d 208 (Fla. 3d DCA 1975), cert. den., 328 So.2d 843 (Fla. 1976), this court concluded the homeowner's policy did not afford coverage for the incident.
In Otero, a tenant was injured when he was assaulted by the insured's son-in-law. The assault arose during the course of a meeting between the son-in-law and the tenant regarding the insured's return of a security deposit and the tenant's return of a key. The tenant sued the insured, which precipitated an action for declaratory judgment regarding the existence of coverage for the insured under her homeowner's insurance policy. As in the present case, the homeowner's policy excluded coverage for "damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits." Otero v. United States Fire Insurance Company, 314 So.2d at 209. The trial court determined there was no coverage under the policy for the assault. This court affirmed "finding that the episode involved in this case and the personal injury to the plaintiff primarily arose out of a business pursuit and coverage under the policy was excluded." Otero, 314 So.2d at 209.
Here, as in Otero, Dr. Vinsant's injury primarily arose out of a business pursuit of Dr. Miller, therefore, coverage under the policy is excluded. See Landis v. Allstate Insurance Company, 546 So.2d 1051 (Fla. 1989) (coverage properly denied under business pursuits exclusion of homeowner's policy where insureds were engaged in "babysitting in general, rather than the specific act of molesting children").
Having found the other arguments raised by Dr. Miller in support of the judgment to be without merit, the final declaratory judgment in favor of Dr. Miller is reversed for entry of a judgment in favor of Liberty Mutual. Reversed and remanded.
NOTES
[1] The trial court also determined that University of Miami's policy of insurance with Aetna Cas. and Sur. Co. (Aetna) afforded coverage for the incident. Aetna appealed the trial court's determination and this court concluded that Aetna's policy did not afford such coverage. Aetna Cas. and Sur. Co. v. Miller, 550 So.2d 29 (Fla. 3d DCA 1989).