ALLEN, Judge.
The appellant challenges a summary final judgment entered for the appellee upon a determination that coverage was not provided under a contract of insurance. We find that there is a disputed issue of material fact which precludes the entry of a summary judgment.
The appellant was named as the defendant in a negligence action brought upon the death of a child who allegedly drowned in a small pond on the appellant’s property. The appellant filed a third party action against the appellee, asserting that insurance coverage was provided under a homeowners policy. The appellee maintained that the claim was not covered due to a business pursuit exclusion in the policy. Various depositions indicate that the pond is located between the appellant’s private residence and a rented mobile home which was the child’s residence. The mobile home was within a mobile home park owned by the appellant. The residents of the mobile home park were allowed some use of the several bodies of water on the property, but the appellant restricted the use of the small pond in which the child drowned.
The business pursuit exclusion in the homeowners policy must be assessed in light of the relationship of the alleged negligence to the appellant’s business activities. See generally, Landis v. Allstate Ins. Co., 546 So.2d 1051 (Fla.1989). The exclusion applies to conduct which is primarily undertaken in furtherance of a business interest. See Liberty Mutual Ins. Co. v. Miller, 549 So.2d 1200 (Fla.3d DCA 1989); Otero v. United States Fire Ins. Co., 314 So.2d 208 (Fla.Sd DCA 1975), cert. denied, 328 So.2d 843 (Fla.1976). The record in the present case is somewhat ambiguous as to this issue of material fact. Summary judgment is appropriate only if there is no genuine dispute as to any issue of material fact. See e.g., Taylor v. Kenco Chemical & Manufacturing Corp., 465 So.2d 581 (Fla. 1st DCA 1985); Fla.R.Civ.P. 1.510(c). All doubts and inferences must be resolved against the entry of a summary judgment. Taylor; Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla.3d DCA), cert. denied, 341 So.2d 291 (Fla.1976).
Because the record in this case presents a disputed issue of material fact, the court should not have entered a summary judgment. The order is therefore reversed, and the cause is remanded.
SMITH and ZEHMER, JJ., concur.