BLUE," Acting Chief Judge.
Miguel Martinez, Ramona Martinez, and Miguel Martinez Jr., as the insureds, and Eliazar Jara and his son Eliazar Jara Jr., as claimants, challenge the final summary judgment entered for Bankers Insurance Company upon a determination that the “business pursuit” exclusion precluded coverage under the Martinezes’ homeowners contract of insurance. The Jaras seek damages based on allegations of negligent supervision. Although the record contains facts which could establish a business relationship between the *710 alleged negligent supervision and the business of the Martinezes, these facts are not undisputed. Because the record facts do not establish that coverage was precluded as a matter of law, we reverse the summary judgment.
The Martinezes were named as defendants in a negligence action based on allegations that seven-year-old Eliazar Jara Jr.’s (Elia-zar) right arm was severed on a piece of farm equipment located on the Martinezes’ property. Bankers Insurance Company, the Mar-tinezes’ homeowners insurance company, filed a declaratory judgment action to determine its rights and obligations under the policy with regard to the claim. On Bankers’s motion for summary judgment, the trial court found that no genuine issue of material fact existed and that the “business pursuit” exclusion contained in the policy applied and precluded coverage.[1]
The Jaras’ complaint alleged that negligent supervision by the Martinezes caused the injury to Eliazar. In particular, it alleged that Jara brought Eliazar with him to the Martinezes to play with their granddaughter while he worked at the tomato grading business the Martinezes operated at their home. The complaint further alleged that the Mar-tinezes were to babysit and thus supervise Eliazar as he played with their six-year-old granddaughter.
While playing near the tomato grading machine, Eliazar caught his hand or arm in the mechanism and his right arm was severed at the shoulder. The Jaras alleged that the Martinezes were negligent by failing to supervise and watch out for the safety of Eliazar, and for allowing him to play around the machinery. The Martinezes denied performing babysitting services for Eliazar, but opposed their insurer’s motion for summary judgment based on the “business pursuit” exclusion.
Does the “business pursuit” exclusion preclude coverage when machinery used in the defendant’s business causes the injury giving rise to the claim, even though a non-business activity is alleged as the negligent act that is the proximate cause of the injury? There is no factual question that the homeowners insurance contract contains a “business pursuit” exception. There is also no factual question that if such exception applies, it excludes coverage for this claim. And, it is clear that the tomato grading machine which caused the amputation of Elia-zar’s arm was part of the Martinezes’ business. But, the underlying complaint states its cause of action based on allegations of negligent supervision arising from voluntary babysitting.
We have found no cases addressing the question we have posed nor have any of the parties cited any law directly on point. However, two cases are instructive and lead us to the conclusion that the trial court should have denied the summary judgment. The first is Landis v. Allstate Insurance Co., 546 So.2d 1051 (Fla.1989). In Landis, the plaintiffs sought damages based on allegations that children cared for by a licensed child care facility were sexually battered. Allstate sought declaratory relief from coverage under the homeowners policy issued to the defendants in the underlying action. The trial court entered summary judgment based on the business pursuit exclusion. On appeal, the Third District affirmed, but on the basis of intentional acts exclusion. See Landis v. Allstate Ins. Co., 516 So.2d 305 (Fla. 3d DCA 1987).
On review by the Florida Supreme Court, the final summary judgment was affirmed based on both the business pursuit and intentional acts exclusions. In so doing, the court determined that the crux of the case was negligent supervision of children. Because the allegations involved negligent supervision of children, and because supervision arose from a child care business, the business pursuit exclusion applied. The intentional acts exclusion was held to apply because the *711 plaintiffs had also alleged intentional harm. It appears that in determining whether the business pursuit exclusion applied, the supreme court looked to the negligent act alleged rather than to the actual instrument causing the alleged injury. In the case before us, the negligent supervision alleged is a voluntary nonbusiness activity of the Mar-tinezes.
The second case upon which we rely is Lambert v. Allstate Insurance Co., 593 So.2d 1172 (Fla. 1st DCA 1992). This case arose when a child, who was a resident of a mobile home park owned by the defendant, drowned in a pond next to the park on land also owned by the defendant. In reversing the summary judgment granted on the business pursuit exclusion, the court held that:
The business pursuit exclusion in the homeowners policy must be assessed in light of the relationship of the alleged negligence to the appellant’s business activities. See generally, Landis v. Allstate Ins. Co., 546 So.2d 1051 (Fla.1989). The exclusion applies to conduct which is primarily undertaken in furtherance of a business interest. See Liberty Mutual Ins. Co. v. Miller, 549 So.2d 1200 (Fla. 3d DCA 1989); Otero v. United States Fire Ins. Co., 314 So.2d 208 (Fla. 3d DCA 1975), cert. denied, 328 So.2d 843 (Fla.1976). The record in the present case is somewhat ambiguous as to this issue of material fact. Summary judgment is appropriate only if there is no genuine dispute as to any issue of material fact. See, e.g., Taylor v. Kenco Chemical & Manufacturing Corp., 465 So.2d 581 (Fla. 1st DCA 1985); Fla. R. Civ. P. 1.510(c). All doubts and inferences must be resolved against the entry of a summary judgment. Taylor; Furlong v. First National Bank of Hialeah, 329 So.2d 406 (Fla. 3d DCA), cert. denied, 341 So.2d 291 (Fla.1976).
Lambert, 593 So.2d at 1173. If we agree with this statement of the law, and we do, we are required to reverse the summary judgment in this case. The conduct the Jaras asserted as the proximate cause of injury was negligent supervision, not dangerous machinery, unsafe premises or lack of safety equipment on the tomato grading machine.
Bankers relies on Nationwide Mutual Fire Insurance Co. v. Nunn, 114 N.C.App. 604, 442 S.E.2d 340 (1994). There, a wedding reception guest received injuries when bitten by a dog. The reception, held at a bed and breakfast establishment, was a business activity of the establishment. The dog was temporarily residing with the insureds, the owners of the establishment. The complaint alleged negligence based on negligent supervision of the dog. The North Carolina Court of Appeals held that the claimant was clearly on the premises as part of a business pursuit and denied coverage.
It is argued here that the injured child was on the Martinezes’ premises for the purpose of allowing the father to work in the tomato grading business. There is evidence which would support this theory; however, the record does not establish this as an undisputed fact. If true, we would agree that coverage need not be afforded.
Because the record reflects disputed issues of fact concerning the applicability of the business pursuit exclusion, the trial court should not have entered a summary judgment. Therefore, the judgment is reversed and the cause remanded for further proceedings.
QUINCE and NORTHCUTT, JJ., concur.

. The policy provides, in pertinent part:
1. Coverage E — Personal Liability and Coverage F — Medical Payments to Others do not apply to 'bodily injury’ or 'property damage’:
******
b. Arising out of or in connection with a 'business’ engaged in by an 'insured.' This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the ‘business’; ....