708 So.2d 312 (1998)
Michael SCHEER, M.D., Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation authorized to do business in Florida, June Vernon and Delroy Vernon, Jasmine Ashley, and Marjorie Young, Appellees.
No. 97-2582.
District Court of Appeal of Florida, Fourth District.
March 11, 1998.
Rehearing, Certification and Rehearing Denied May 7, 1998.
Joseph S. Kashi of Sperry, Shapiro & Kashi, P.A., Fort Lauderdale, for appellant.
Spencer M. Sax and Anthony M. Lawhon of Sachs, Sax & Klein, Boca Raton, for appellee State Farm Fire and Casualty Company.
Rehearing, Certification and Rehearing En Banc Denied May 7, 1998.
KLEIN, Judge.
Three female co-employees of Dr. Scheer sued him and their joint employer in federal court for sexual harassment, battery, invasion of privacy and false imprisonment. State Farm, the insurer of Dr. Scheer under a homeowner's policy and personal liability umbrella policy, sought, in this suit, a declaratory judgment determining that it had neither a duty to defend nor to indemnify. The trial court granted State Farm's motion for summary judgment, concluding that the allegations in the complaints to the effect that *313 Dr. Scheer committed these torts within the course of his employment brought these claims within the "business pursuits" exclusions in the two policies. We reverse.
The homeowner's policy excluded injuries "arising out of business pursuits," and the umbrella policy excluded coverage "for any loss caused by your business pursuits." In both policies business was defined as "a trade, profession, or occupation."
In the federal case, four of the counts in the complaints asserted tort claims against only Dr. Scheer, and the three remaining counts sought relief against Dr. Scheer's employer, alleging that the torts were committed in the course of his employment. The tort allegations alleged against Dr. Scheer individually included touching parts of the plaintiffs' bodies as well as making offensive sexual remarks to plaintiffs.
The trial court correctly looked to the allegations in the complaint to determine whether State Farm had a duty to defend, National Union Fire Ins. v. Lenox Liquors, Inc., 358 So.2d 533, 536 (Fla.1977); however, the allegations in the complaints that the conduct occurred within the course of his employment were not pertinent to the tort claims against Dr. Scheer individually. They were only relevant to the counts seeking relief from his employer. The trial court was therefore incorrect in concluding that it followed from those allegations that there was no coverage because of the business pursuits exclusions. As Couch on Insurance explains:
If a complaint or petition against the insured states conclusions rather than allegations of acts, the general rule is that the statement of conclusions has no effect whatsoever on the determination whether or not the action brought against the insured is within the coverage of the policy, that is, the legal conclusions of the plaintiff do not prejudice the insured, provided there are sufficient facts alleged to bring the case within the policy coverage.
14 Couch on Insurance, Section 51:50 (1982 ed.).
Nor does it follow from the fact that this conduct occurred in the work place that it was within the business pursuits exclusion. That exclusion applies to conduct "primarily taken in furtherance of a business interest," and it must be assessed in light of the relationship of the alleged conduct to the business activity. Lambert v. Allstate Ins. Co., 593 So.2d 1172, 1173 (Fla. 1st DCA 1992) (citing Landis v. Allstate Ins. Co., 546 So.2d 1051 (Fla.1989)). The acts alleged against Dr. Scheer, which included touching co-employees' breasts and buttocks, did not arise out of his profession. See Farmers Ins. Group v. County of Santa Clara, 11 Cal.4th 992, 47 Cal.Rptr.2d 478, 906 P.2d 440 (1995) (lewd propositioning and offensive touching by deputy sheriff is not within scope of employment even when misconduct occurs at place and during time of employment); Faragher v. City of Boca Raton, 111 F.3d 1530 (11th Cir.1997) (sexual harassment of female life guards by male supervisor was not within scope of employment under well established common law agency principles but rather agent was "on a frolic of his own.").
We distinguish the case on which the trial court relied, Liberty Mutual v. Miller, 549 So.2d 1200 (Fla. 3d DCA 1989). In that case two physicians were arguing about how to treat a mutual patient, and in the heat of the argument one of them jerked on the other's stethoscope apparently causing injury. There the assault arose out of a professional dispute about patient care, whereas in the present case, Dr. Scheer's actions were not related to his profession.
We therefore conclude that the trial court erred in finding that the business pursuits exclusion left Dr. Scheer without a defense or coverage. Reversed.
WARNER and FARMER, JJ., concur.