707 So.2d 1181 (1998)
Yolanda SANTOS, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 96-05120.
District Court of Appeal of Florida, Second District.
March 25, 1998.
Matthew S. Mudano and Adam M. Wolfe of Yerrid, Knopik & Mudano, P.A., Tampa, for Appellant.
Charles W. Hall of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., St. Petersburg, and Lorraine A. Valenti of Wood, Crist & Valenti, P.A., Tampa, for Appellee.
WHATLEY, Judge.
Yolanda Santos appeals a final order granting summary judgment for State Farm Mutual Automobile Insurance Company. We conclude that the trial court correctly granted summary judgment for State Farm because the exclusions in State Farm's policies bar liability.
Santos was employed as an office assistant for the University of South Florida College of Public Health. She worked for the chairperson of the department, Jay Studnicki, Ph.D. It was her job to take minutes at department meetings. At a department meeting on December 17, 1993, Dr. Studnicki adjourned the meeting and Santos attempted to leave the meeting with him. Jay Wolfson, Ph.D., a department member and the insured, allegedly insisted she stay at the meeting, grabbed her, pushed her back into her chair, jumped on her back and attempted to wrestle a tape recorder from her possession. Santos was injured as a result of the incident.
Dr. Wolfson has a homeowner's policy with State Farm which excludes coverage for "bodily injury or property damage arising out of business pursuits of any insured." He also has an umbrella policy which excludes coverage for "any loss caused by your business operations." Both policies define business to mean "a trade, profession or occupation." The trial court correctly found that the exclusions in both policies precluded coverage for Santos's injuries.
Regarding the homeowner's policy, Santos concedes in her brief that her injuries might have arisen out of the business pursuits of Dr. Wolfson and the exclusion, therefore, might apply. We conclude that it does apply. In Liberty Mutual Insurance Co. v. Miller, 549 So.2d 1200 (Fla. 3d DCA 1989), Dr. Miller and Dr. Vinsant were involved in a confrontation, and Dr. Miller pulled on the stethoscope draped around Dr. Vinsant's neck. Dr. Miller had a homeowner's policy which excluded coverage for injuries arising out of business pursuits of the insured. The Third District Court of Appeal held that coverage was excluded because the injury primarily arose out of a business pursuit of Dr. Miller. See Rodriguez v. United States *1182 Fire Ins. Co., 328 So.2d 844 (Fla.1976); Otero v. United States Fire Ins. Co., 314 So.2d 208 (Fla. 3d DCA 1975).
Here, Santos's injuries arose out of the business pursuits of Dr. Wolfson. Dr. Wolfson attended the department meeting as a department member. Santos testified in her deposition that Wolfson told her that, on behalf of the department, he was instructing her to stay at the meeting and take minutes. Therefore, we conclude that the trial court correctly found that coverage was precluded pursuant to the business pursuits exclusion in the homeowner's policy.
We also conclude that the "business operations" exclusion in State Farm's umbrella policy bars coverage for Santos's injuries. In State Farm Fire and Casualty Co. v. Geary, 699 F.Supp. 756 (N.D.Cal.1987), the court found that the insured's conduct was so inextricably entwined with her employment that the exclusion clearly applied, and the court did not attempt to define the outer limits of the business operations exclusion. Here, as in Geary, we conclude that Dr. Wolfson's conduct is so inextricably entwined with his employment as a member of the department that the exclusion clearly applies.
Dr. Wolfson's actions in participating in the department meeting, not the specific act of committing a battery, constitute the activity he was engaged in for purposes of the policy. In Landis v. Allstate Insurance Co., 546 So.2d 1051 (Fla.1989), the Florida Supreme Court addressed a business pursuits exclusion in a homeowners policy, which also defined business as a trade, profession, or occupation. In Landis, the defendants operated a licensed child care facility. Several parents brought an action relating to allegations that the defendants sexually battered the children while under their care. The parents did not dispute that the babysitting service constituted a business pursuit within the meaning of the exclusion. Nevertheless, they argued that the act of molesting children was a nonbusiness activity. The Florida Supreme Court held that the activity of babysitting in general, not the specific act of molesting children, was the activity the defendants were engaged in when the injuries occurred. Therefore, the business pursuits exclusion applied. Here, because Santos's injuries stem from the business operations of Dr. Wolfson, the exclusion in the umbrella policy bars coverage.
Accordingly, we affirm the final order granting summary judgment for State Farm.
NORTHCUTT, J., concurs.
BLUE, A.C.J., dissents with opinion.
BLUE, Acting Chief Judge, dissenting.
Although I agree with the majority in affirming the summary judgment as to claims against the homeowner's policy, I disagree with the ruling as to the umbrella policy and therefore, respectfully dissent.
First, as to the umbrella policy, the trial court's ruling failed to properly address the intentional acts exclusion of that policy. Even though the policy excludes intentional acts, it specifically insures against assault and battery. Therefore, the policy is ambiguous and not subject to disposition by summary judgment. See, e.g., Purrelli v. State Farm Fire and Cas. Co., 698 So.2d 618 (Fla. 2d DCA 1997).
Second, I believe there is a question of fact as to whether the policy language excludes Dr. Wolfson's actions from coverage. The exclusion in the umbrella policy reads, "for any loss caused by your business operations or arising out of your business property." Clearly Santos's injuries in no way involved "business property." Although the incident happened in a business setting and the fact finder could determine it was therefore "caused by your business operations," there is also support for the argument that the doctor departed from his "business operations" when he perpetrated a physical attack on Santos. This is a factual dispute which bars summary judgment as a matter of law.
Because I conclude that the ambiguous policy language and the disputed facts bar summary judgment under the umbrella policy, I dissent.