**STATE FARM FIRE AND CASUALTY COMPANY, Plaintiff,**

v.

**George BURKHARDT, Sandra M. Burkhardt, Janice Barron, Defendants.**

No. Civ.A.99–A–1327–N.

United States District Court, M.D. Alabama, Northern Division.

May 5, 2000.

---

Michael Baird Beers, Constance T. Buckalew, Beers Anderson Jackson Nelson, Hughes & Patty, PC, Montgomery, AL, for State Farm Fire and Casualty Company, plaintiff.

George W. Walker, III, Albert D. Perkins, IV, Mitchel Hampton Boles, Copeland, Franco, Screws & Gill, P.A., Mont-

---

gomery, AL, for George A. Burkhardt, defendant.

James Harvey Tipler, The Tipler Law Offices, Andalusia, AL, for Janice Barron, defendant.

## *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This case is before the court on a Motion for Summary Judgment filed by the Plaintiff, State Farm Fire and Casualty Company, on March 28, 2000 (Doc. # 14), a Motion for Summary Judgment filed by Defendants George and Sandra Burkhardt ("the Burkhardts") on April 19, 2000 (Doc. # 20), and a Motion to Stay filed by Defendants George and Sandra Burkhardt on April 19, 2000 (Doc. # 21).

The Plaintiff, State Farm Fire and Casualty Company ("State Farm"), has brought a declaratory judgment action requesting that this court declare that State Farm has no duty to defend and/or indemnify the Burkhardts in a lawsuit currently pending against them in state court. The Burkhardts have moved for summary judgment on the issue of State Farm's duty to defend them in the state court case.

### II. *SUMMARY JUDGMENT STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, to-gether with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

In resolving the present cross-Motions for Summary Judgment the court will construe the facts in the light most favorable to the nonmovant when the parties' factual statements conflict or inferences are required. *Barnes v. Southwest Forest Industries,* 814 F.2d 607, 609 (11th Cir.1987).

### III. *FACTS*

The submissions of the parties establish the following facts:

Defendant Janice Barron ("Barron") was employed by Dr. George Burkhardt as an allergist assistant from May 1997 until November 1997. In October of 1998, Barron filed a lawsuit in state circuit court against George Burkhardt and his wife, Sandra Burkhardt ("the Burkhardts"), asserting claims for battery against George Burkhardt, invasion of privacy against both Burkhardts, intentional infliction of emotional distress against both Burkhardts, and negligent or wanton assault against George Burkhardt. In the underlying state court case, Barron alleges that George Burkhardt inappropriately hugged and touched her, engaged in sexual activity with Sandra Burkhardt in Barron's presence, and made explicit comments and jokes. She also alleges that, in addition to engaging in sexual activities in her presence, Sandra Burkhardt asked Barron to lift her shirt and show her her bra. Barron alleges that the Burkhardts' conduct has had a detrimental effect on her psychological well-being.

The Burkhardts are insured by three different State Farm insurance policies. The Burkhardts are both named insureds on a homeowner's policy, George Burkhardt is the named insured on a personal liability umbrella policy ("umbrella policy"), and George Burkhardt is the named insured on a business policy. State Farm concedes that based on the allegations of the underlying complaint brought by Barron, and the terms of the policies, Sandra Burkhardt is an insured by definition under the business and umbrella policies. State Farm contends that all of the claims brought by Barron either are not covered under any of the three policies, or are excluded from coverage under all three of the policies.

## IV. *DISCUSSION*

As stated above, State Farm contends that the Burkhardts' potential payment of damages to Barron in the underlying state court case is either not covered by, or is excluded from coverage under, all three of the liability insurance policies at issue. The Burkhardts, however, contend be-cause the duty to defend is broader than the duty to indemnify, State Farm at least has a duty to defend the Burkhardts in the lawsuit brought by Barron, based on Barron's claims for invasion of privacy and negligence. In evaluating these arguments, the court will address the relevant provisions of each of the policies in turn.

### A. Homeowners policy
### DEFINITIONS

\*        \*        \*        \*        \*        \*

1. **"bodily injury"** means physical injury, sickness, or disease to a person. This includes required care, loss of services and death resulting therefrom.

**Bodily injury** does not include:

c. emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

2. **"business"** means a trade, profession, or occupation.

\*        \*        \*        \*        \*        \*

7. **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

   a. **bodily injury;** or

   b. *property damage;*

during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence.**

### Section II–Liability Coverages

Coverage L–Personal Liability

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an *occurrence,* we will

1. pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. provide a defense at our expense by counsel of our choice.

### Section II–Exclusions

1. Coverage L and M do not apply to:

a. **bodily injury** or **property damage:**

1. which is either expected or intended by an **insured;** or

2. to any person or property which is the result of willful and malicious acts of an **insured;**

b. **bodily injury** or **property damage** arising out of business pursuits of any **insured** ...

State Farm concedes that, viewed in a light most favorable to the non-movant, the allegations of Barron in the underlying case could fit within the policy's definition of bodily injury. *See* Plaintiff State Farm Fire and Casualty Company's Narrative Summary of Undisputed Material Facts and Brief in Support of the Motion for Summary Judgment ("Plaintiff's Brief"), page 15. State Farm argues, however, that there has not been an "occurrence" under the policy because an occurrence must be an accident. State Farm contends that because the allegations in the state court complaint concern sexual harassment, they are all intentional acts and are not an accident.

The Burkhardts and Barron each argue that the policy does cover damages allegedly due to Barron because the complaint in the underlying state court case brings a claim for negligence. The Burkhardts state that although some of Barron's allegations are for intentional or willful conduct, there is also a claim for negligent assault in the complaint which triggers the duty to defend.[1] In support of this argument, the Burkhardts cite the court to *United States Fidelity & Guaranty Co. v. Armstrong,* 479 So.2d 1164, 1167 (Ala. 1985). In that case, the Alabama Supreme Court held that because the complaint included a claim for negligence, the bare allegations of the complaint triggered a duty to defend. *Id.* at 1167.

State Farm also makes the alternative argument that, regardless of Barron's use of the word "negligence" in the complaint in the underlying case, the policy contains an exclusion for willful and malicious acts which excludes the claims from coverage. The policy excludes bodily injury or property damage to any person or property which is the result of willful and malicious acts of an insured. *See* Plaintiffs' Exhibit A, page 15.

State Farm cites the court to *McCauley v. Estes,* 726 So.2d 719 (Ala.Civ.App.1998). In that case, a woman who was employed as a part-time secretary and who performed housecleaning duties for her employer at his home brought claims for invasion of privacy, intentional infliction of emotional distress, negligence, wantonness, and recklessness. *Id.* at 720. The court noted that although the complaint contained a claim for negligence, the allegations were of willful or malicious acts. *Id.* at 721. The court therefore concluded that, pursuant to an objective standard, the claims were excluded from coverage. *Id.* at 722.

The Burkhardts respond to State Farm's reliance on *McCauley* by stating that precedent of the Alabama Supreme Court, rather than *McCauley,* is to be followed by this court. The Burkhardts further argue this case is distinguishable from the facts in *McCauley* because in *McCauley,* the plaintiff merely used the word negligence in the complaint, but in this case, the plaintiff alleged a negligent assault, which is a claim that has been recognized by the Alabama Supreme Court.

The court first notes that while Burkhardts have indicated that *McCauley* should not be followed by this court as it is not a decision of the Supreme Court of Alabama, the Alabama Court of Civil Appeals decided the case after it was transferred to it by the Alabama Supreme Court pursuant to *Alabama Code* § 12–2–7 (1995).[2]

---

**1.** The negligent assault claim is made only against George Burkhardt.

**2.** This code provision states

The Supreme Court shall have authority: ***

The *McCauley* case relies on a different provision of the insurance policy than that which was analyzed in *United States Fidelity and Guaranty Company v. Armstrong*, 479 So.2d 1164 (Ala.1985), which is the case relied upon by the Burkhardts. In *Armstrong*, the court concluded that pleading a claim for negligence meant that the term "accident" as a definition of "occurrence" under the policy had been met. *Id.* at 1167. The provision upon which the *McCauley* case relied was an exclusion for willful and malicious acts. *McCauley*, 726 So.2d at 722. In other words, *Armstrong* was a determination of coverage under the definitions within the policy, while *McCauley* is precedent for application of an exclusion from coverage.

In determining that the exclusion applied, the *McCauley* case followed prior precedent from the Alabama Supreme Court. In *State Farm Fire & Casualty Company v. Davis*, 612 So.2d 458, 465 (Ala.1993), the Alabama Supreme Court decided a case in which a civil action was brought against insureds alleging sexual abuse and molestation of minor children. *Id.* at 459. In the case, the court adopted an inferred-intent rule in child abuse cases where the policy exclusion for damage "expected or intended" by the insured. *Id.* at 463. Of significance in the case before this court, however, is the court's alternative holding. The court stated, "we also hold, based on the facts and circumstances presented here, that coverage would likewise be precluded under the objective standard of the second policy exclusion, which denies coverage for bodily injury or property damage 'to a person or property which is the result of willful and malicious acts of an insured.'". *Id.* at 465.

In the underlying claims in this case, Barron alleged that George Burkhardt hugged her, engaged in sexual activity in her presence, and made explicit comments and jokes. Applying the objective test identified by the Alabama Supreme

Court in *Davis*, these allegations fall within the willful and malicious acts exclusion.

While Barron has used the term "negligence" within the body of her complaint, such use of that term is not dispositive in applying the willful and malicious acts exclusion under *McCauley*. In *McCauley*, the court determined that mere use of the word "negligence" in the complaint is not sufficient if the complaint only alleged willful or malicious acts. *McCauley*, 726 So.2d at 722 ("The trial court was correct in determining that McCauley's complaint and deposition testimony alleged only willful or malicious acts ..."). Although the Burkhardts contend that *McCauley* can be distinguished because a claim for negligent assault can be brought under Alabama law, the factual allegations against George Burkhardt made in the instant complaint, as in *McCauley*, are allegations of willful and malicious conduct, not of negligence. Accordingly, even if there were coverage under the policy, the alleged acts would be excluded from coverage and State Farm has no duty to defend under the homeowner's policy.

B. Personal Liability Umbrella Policy

**DEFINITIONS**

2. **"business"** means a trade, profession or occupation

3. **"business property"** means premises on which a business is conducted, or property rented or held for rental in whole or in part to others.

\*\*\*

6. **"loss"** means:

a. an accident, including injurious exposure to conditions, which results in **bodily injury** or **property damage** during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one loss; or

b. the commission of an offense, or series of similar or related offenses, which

(6) To transfer to the Court of Civil Appeals, for determination by that court, any case appealed to the Supreme Court and within the appellate jurisdiction of the Supreme Court, except [for certain types of cases that are excluded].

result in **personal injury** during the policy period.

7. **"named insured"** means the person named in the Declarations and the spouse. The spouse must be member of the same household.

\*\*\*

9. **"personal injury"** means injury caused by one or more of the following offenses:

\*\*\*

b. libel, slander, defamation of character or invasion of rights of privacy.

\*\*\*

17. **"bodily injury"** means physical injury, sickness, disease, emotional distress or mental injury to a person. This includes required care, loss of services and death resulting therefrom.

**Bodily injury** does not include:

a. any of the following which are communicable: disease, bacteria, parasite, virus or other organism, any of which are transmitted by an **insured** to any other person; or

b. The exposure to any such disease, bacteria, parasite, virus or other organism by any **insured** to any other person.

## COVERAGES

1. Coverage L—Personal Liability. If you are legally obligated to pay damages for a **loss,** we will pay your net loss minus the retained limit.

## EXCLUSIONS

We will not provide insurance:

\*\*\*

2. for **bodily injury** or **property damage:**

a. which is either expected or intended by you; or

b. to any person or property which is the result of your willful and malicious act, no matter at whom the act was directed.

6. for any loss caused by your **business** pursuits or arising out of **business property.**

Plaintiffs' Exhibit B, Personal Liability Umbrella Policy and Policy Endorsement.

State Farm concedes that the definition of "bodily injury" is broader under this policy than under the homeowner's policy, and could include the allegations Barron has made in the underlying state court case. *See* Plaintiff's Brief at page 17. State Farm contends, however, that the acts alleged were not "accidents" and so do not meet the definition of "loss," and that the willful and malicious acts exclusion excludes coverage for bodily injury. For the reasons discussed above, the court agrees that if there is coverage for bodily injury in this case, under the *McCauley* decision, coverage is excluded under the willful and malicious act exclusion.

State Farm also concedes that the allegations of Barron's complaint would fall within the definition of "personal injury" under the policy. Plaintiff's Brief, page 17. Coverage for invasion of rights of privacy is specifically provided in the definition of "personal injury." "Personal injury" is also distinct from "bodily injury" under the policy in two other significant ways. One, the second definition of "loss" within the policy, which includes personal injury, does not define loss in terms of being an accident, so personal injury based on an invasion of privacy does not have to be an accident. *See* Plaintiffs' Exhibit B, Policy Endorsement. Two, the willful and malicious acts exclusion of the policy applies only to bodily injury and property damage and not to personal injury. *See id.* State Farm maintains, however, that the loss from personal injury in this case is excluded by Exclusion 6 which excludes from coverage "any loss caused by your business pursuits or arising out of business property. . . ."

State Farm argues that Barron has alleged in her complaint that all of the conduct by the Burkhardts was done during the course and scope of Barron's employment. State Farm says that but for the employment relationship that existed between Barron and George Burkhardt, the

alleged conduct would not have occurred. Accordingly, State Farm argues, the business exclusion should apply.

The policy states that it does not provide insurance for any loss caused by business pursuits or arising out of business property. The policy provides that " 'business' means a trade, profession or occupation," and " 'business property' means premises on which a business is conducted, or property rented or held for rental in whole or in part to others." Plaintiff's Exhibit B, page 1. The Alabama Supreme Court has determined that "business" in its "usual sense, signifies an undertaking or calling for gain, profit, advantage or livelihood," and " 'business pursuit' denotes a continued, extended or prolonged course of 'business or occupation.' " *Vallas v. Cincinnati Insurance Company*, 624 So.2d 568, 571 (Ala.1993).

The Burkhardts argue that, as a matter of law, sexual harassment does not occur within the line and scope of employment. The Burkhardts also argue that the injuries alleged were not caused by the business pursuits, nor did they arise from the business premises. The Burkhardts argue that State Farm's interpretation of this exclusion is too broad and that exclusions should be interpreted narrowly in order to provide for maximum coverage.

Although the Alabama Supreme Court does not appear to have addressed this question, other jurisdictions have examined the circumstances under which inappropriate behavior of a sexual nature is excluded by a business pursuits exclusion. The court is aware of one state court decision which lends some support to State Farm's argument. *See Greenman v. Michigan Mutual Ins. Co.*, 173 Mich.App. 88, 433 N.W.2d 346 (1988). In that case, the court determined that an exclusion for bodily injury arising out of business pursuits applied to allegations of sexual harassment because the alleged harass-

ment occurred at a law firm where the complainant and the policy holder worked. *Id.* at 349. The court rested its decision in part on the fact that because the plaintiff brought a civil rights claim, the claim could not legally exist without the employer-employee relationship. *Id.*

The *Greenman* decision is distinguishable from the instant case in two significant respects. One, the policy language in *Greenman* excluded actions that were "arising from" business pursuits, while the policy language in this case is more restrictive in that it requires that the conduct have been "caused by" business pursuits.[3] Two, there is no claim in this case, such as a civil rights claim, that legally requires an employment relationship. Another court examining the *Greenman* decision found this latter distinction to be significant, stating that the business exclusion applied to claims which are actionable because of the employment relationship, but that claims which are not dependent on the employment relationship were not included. *See Miller v. McClure*, 326 N.J.Super. 558, 742 A.2d 564 (1998).

Another decision applying the exclusion, "for any loss caused by your business pursuits," concludes that the exclusion does not apply to claims involving conduct including harassment. *See Scheer v. State Farm Fire and Casualty*, 708 So.2d 312 (Fla.Dist.Ct.App.1998). In that case, the court concluded that just because harassing conduct occurred in the work place does not mean that it was within the business pursuits exclusion. *Id.* at 313. The court reasoned that the alleged acts of the insured, including inappropriately touching a co-employee, were not related to his profession. *Id.*

In another decision in which a business exclusion was applied, the court determined that the insured was engaged in a business pursuit, and then examined the

---

**3.** The court notes that in its Reply Brief, State Farm says, "[Burkhardt's] actions therefore do arise out of his business pursuits and his business property." Reply Brief at page 7.

The relevant inquiry, however, is whether the loss is "caused by" the "business pursuits" or arises out of "business property."

causation factor and determined that the challenged actions were not excluded under the policy. *Aetna Casualty and Surety Co. v. Ericksen*, 903 F.Supp. 836 (M.D.Pa.1995). The court reasoned that the policy exclusion only applied where the injury was caused while the insured was engaged in his or her business, and where the injury had a causal connection to the business of the insured. *Id.* at 840; *see also SCI Liquidating Corp. v. Hartford Ins. Co.*, 526 S.E.2d 555, 2000 WL 226358, No. S99Q1575 (Ga. Feb. 28, 2000) (answering question certified by the Eleventh Circuit under Georgia law and finding that allegations of sexual harassment are not excluded under policy provision excluding claims arising out of and in the course of employment because the injury was due to the willful act of a third person rather than a work-related condition).

█ The court agrees with the reasoning of these courts that when a claim does not legally require an employment relationship as an element of the claim, damage is not "caused by" a business pursuit simply because the alleged misconduct occurred during employment. The claim of invasion of privacy can be brought by any person and does not require that the alleged victim be an employee of the alleged tortfeasor. In addition, in this case, none of the alleged conduct of inappropriate touching or comments were actions which were related to or in furtherance of the business pursuits of George Burkhardt. Furthermore, in this case, one of the insureds against whom the invasion of privacy claim has been brought is Sandra Burkhardt. Although it is not clear from the allegations of Barron's complaint in the underlying state court case whether Sandra Burkhardt was also employed in George Burkhardt's office, there is no allegation in the complaint filed in the instant case that Sandra Burkhardt was Barron's employer. Sandra Burkhardt's engaging in sexual activity with George Burkhardt in Janice Barron's presence is an action which is greatly attenuated from business pursuits; therefore, the loss resulting from

such an action can hardly be said to have been caused by business pursuits.

The court concludes that Janice Barron's claim for an invasion of privacy, which State Farm concedes is covered under the policy, is not excluded from coverage under the business pursuits exclusion to which State Farm has pointed. Accordingly, State Farm has a duty to defend under the personal liability umbrella policy.

### C. Business Policy

Coverage L

This insurance applies only:

1. to **bodily injury** or **property damage** caused by an **occurrence** which take place in the **coverage territory** during the policy period.

2. to **personal injury** caused by an **occurrence** committed in the coverage territory during the policy period. The **occurrence** must arise out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you.

### BUSINESS LIABILITY EXCLUSIONS

Under Coverage L, this insurance does not apply:

1. to **bodily injury** or **property damage:**

a. expected or intended from the standpoint of the **insured;** or

b. to any person or property which is the result of willful and malicious acts of the **insured.**

### DEFINITIONS

3. **bodily injury** means **bodily injury,** sickness or disease sustained by a person, including death resulting from the **bodily injury,** sickness or disease at any time'

10. **occurrence** means:

a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions which

result in **bodily injury** or **property damage;**

b. the commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury.**

11. **personal injury** means injury, other than **bodily injury,** arising out of one or more of the following:

a. false arrest, detention or imprisonment;

b. malicious prosecution

c. wrongful eviction from, wrongful entry into, or invasion of the right to private occupancy of a room, dwelling, or premises that a person occupies, by or on behalf of its owner, landlord or lessor.

State Farm again concedes that under this policy "bodily injury" may have occurred in this case. Such coverage is, however, subject to the willful and malicious acts exclusion. For the reasons discussed above, therefore, this court concludes that the acts alleged, to the extent that they are considered "bodily injury," are excluded from coverage under the willful and malicious acts exclusion.

The Burkhardts also argue that there should be coverage under this policy because there was arguably a violation of a right to private occupancy of a room. They argue that the meaning of this term is not clear and should, therefore, be construed to provide coverage. State Farm responds that the reference to "right to private occupancy of a room" is considered with the rest of that coverage provision, it is clear that the coverage is referring to landlord-tenant situation.

The Burkhardts cite *Winters v. Transamerica Ins. Co.,* 194 F.3d 1321, 1321 (10th Cir.1999), which is unpublished, in support of their argument. The *Winters* case supports State Farm's position rather than the Burkhardts' position, however, because the claims in that case were brought by tenants of a mobile home park against the owners of that park. *Id.*

Upon consideration of the entire coverage provision at issue, the court agrees that it unambiguously refers to a tenancy situation. The court, therefore, does not find that the provision should be construed to provide coverage to the Burkhardts in this case. Accordingly, there is no duty to defend on the part of State Farm under the business policy.

## V. CONCLUSION

For the reasons discussed, State Farm's Motion for Summary Judgment is due to be DENIED in part and GRANTED in part, and the Burkhardts' Motion for Summary Judgment is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

### ORDER and JUDGMENT

In accordance with the Memorandum Opinion entered on this date it is hereby ORDERED as follows:

1. State Farm's Motion for Summary Judgment (Doc. # 14) is DENIED to the extent that it seeks a declaration that there is no duty to defend the claim for invasion of privacy and is GRANTED to the extent that it seeks a declaration that there is no duty to defend the other claims.

2. The Plaintiffs' Motion for Summary Judgment (Doc. # 20) is GRANTED as to the duty to defend the claim for invasion of privacy.

3. That it is DECLARED that the policy of homeowner's insurance, # 01–CF–4005–1; the personal liability umbrella policy, # 01–CF–6346–5; and the business policy, # 93–CA–4317–1 issued by State Farm Casualty and Fire Company to the Burkhardts do not require State Farm Fire and Casualty Company to defend or indemnify claims for battery, intentional infliction of emotional distress, and assault, in the case of *Janice Barron v. George A. Burkhardt, M.D. and Sandi Burkhardt,* CV–98–247, pending in the Circuit Court for Covington County, Alabama.

4. That it is DECLARED that the personal umbrella policy of insurance provided by State Farm Fire and Casualty Company to George Burkhardt, policy # # 01–

CF–6346–5, requires State Farm Fire and Casualty Company to defend the Burkhardts against the invasion of privacy claim in the case of *Janice Barron v. George A. Burkhardt, M.D. and Sandi Burkhardt,* CV–98–247, pending in the Circuit Court for Covington County, Alabama.

5. This case is DISMISSED without prejudice as to the issue of the duty to indemnify under the invasion of privacy claim, since liability has not been established at this time as to that claim.

6. The Burkhardts' Motion to Stay (Doc. # 21) is DENIED as moot.

7. Costs are taxed against the Plaintiff.